In the Matter of the Arbitration between CROSS PROPERTIES, INC., Appellant, and GIMBEL BROTHERS, INC., Respondent.

*Per Curiam.* In this arbitration proceeding the appellant appeals from an order confirming an arbitrators' award and denying appellant's application to vacate the said award.

The vacatur was sought on four grounds. One of the grounds, charging that one of the arbitrators made independent visits to the building whose construction was the subject matter of the arbitration, is frivolous. The arbitrator explains those visits by saying that they were simply normal shopping visits made by him and his wife from their home in the neighboring vicinity. There is no reason to believe otherwise since prior to such shopping excursions there had already been several official visits by the arbitrators to the site.

A second objection is that two of the arbitrators entered into a business relationship during the proceeding. We see nothing wrong in that relationship insofar as this arbitration is concerned. Apparently neither did the appellant because it had full knowledge thereof and raised no objection until after an adverse award had been rendered. Having such knowledge and not having objected they waived the right to do so after the rendition of the award.

It is also urged that the method of selection of the arbitrators was unfair. This argument is without merit. The method of selection had been agreed upon between the parties and the arbitration tribunal. If in fact there were any deviations from the agreed-upon procedure they were insignificant, nonprejudicial and, in any event, justifiable under the circumstances.

The only ground advanced in support of vacatur that deserves more than a summary disposition is that concerning the relationship between the arbitrator,

Spear, and the respondent. We agree that where there are undisclosed dealings between a party and an arbitrator which impart a lack of impartiality and fairness, the award made is subject to vacatur (*Matter of Friedman*, 215 App. Div. 130, 137; *Matter of Milliken Woolens* [*Weber Knit Sportswear*], 11 A D 2d 166, affd. 9 N Y 2d 878). However, this is not to say that any undisclosed relationship, no matter how peripheral, superficial or insignificant, compels the same result. "Courts are loath to sustain belated claims of disqualification after an adverse award" (*Matter of Atlantic Rayon Corp.* [*Goldsmith*], 277 App. Div. 554, 556) and particularly should this be so where the arbitration proceeding is a lengthy and involved one extending over a period of several years as in this case. The type of relationship which would appear to disqualify is one from which it may not be unreasonable to infer an absence of impartiality, the presence of bias or the existence of some interest on the part of the arbitrator in the welfare of one of the parties.

While there was a "relationship" here between the respondent and the arbitrator, we find it not to be a disqualifying one. The transactions between them were isolated and involved nothing of such a nature as would cause Spear to act other than with the requisite impartiality. The nature and magnitude of the real estate company with which Spear was affiliated would make it most likely that at one time or another there would be some contact with one of the largest department stores in the City of New York. Whether or not Spear disclosed such relationship to the Tribunal Clerk is of no consequence. The rules of the arbitration association required a disclosure only if the circumstances were "likely to create a presumption of bias" or were such as would make the arbitrator believe "might disqualify him as an impartial arbitrator." In the light of the nature of the relationship a failure to disclose would not have been violative of the rules.

In view of the great reliance placed by appellant upon the case of *Matter of Milliken* (*supra*) it should be noted that there the relationship between one of the arbitrators and the attorneys for one of the parties was such that there could be no question but that it could reasonably be inferred that there was present partiality or bias. In addition, there the arbitrator had not only failed to disclose the true relationship but had also made affirmative statements concerning the same which were less than the truth and — one must conclude — were designed to mislead. Not so in this case.

We can apply to this case the language of this court in *Matter of Meineg Co.* (*Katakura & Co.*) (241 App. Div. 406, 407, affd. 266 N. Y. 418) where it was stated: "If we were to give heed to the contentions of every unsuccessful litigant, based upon the flimsy ground[s] assigned here, it would be well nigh impossible to carry out that part of the agreement pertaining to arbitration".

Accordingly, the order entered on June 28, 1961 granting respondent's motion to confirm the arbitrators' award and denying the appellant's cross motion to vacate the said award should be affirmed, with costs.

VALENTE, J. (dissenting). I dissent. I would reverse the order confirming the award of the arbitrators and the judgment entered thereon and would vacate the award. The award was assailed upon four grounds: (1) that the arbitrator Spear failed to disclose his former relationships with respondent; (2) that Spear, during the course of the arbitration, employed Caverly, a fellow arbitrator, to act as a business associate in matters as to which Caverly expected substantial compensation; (3) that the third arbitrator, Reinhard, made independent visits to the property involved in the arbitration; and (4) that the method of selecting the arbitrators was unfair.

I find it necessary to go no further than the first objection to vitiate the award. In *Matter of Milliken Woolens* (*Weber Knit Sportswear*) (11 A D 2d 166, affd. 9 N Y 2d 878) this court announced a firm policy on the maintenance of the integrity of the arbitration process by insisting that no award should stand where disqualifying relationships between an arbitrator and a party are not adequately disclosed.

The conflict in the findings and testimony demonstrates an awareness of the philosophy in the *Milliken* case and a studious attempt to avoid its application. An examination of the record indicates that there were a series of business relationships between Spear, or his company, and the respondent, Gimbel Brothers Inc., that antedated the arbitration and which cannot be regarded as mere casual and occasional dealings.

At the hearing before the Referee, Spear testified that he had made some disclosure of these relationships to the Tribunal Clerk of the Arbitration Association. However, the Tribunal Clerk testified he had no recollection of being told anything by Spear about the matter he had with Gimbel Brothers. The Tribunal Clerk further testified that if such disclosure had been made it would have been noted in the log. But the log contained no such notation. The Referee found that there was a failure by Spear "sufficiently to describe his contact with Mr. Broido and Gimbel in connection with the disputed commission so as to catch the attention of the A. A. A." and that Spear had mentioned it "in such a fashion as to not cause a record to be made in the telephone log of the A. A. A."

Following this equivocal finding — on whether disclosure had been made and the nature thereof — Special Term concluded that "it is fair to say that there was no disclosure and Mr. Spear was in error". That conclusion is consistent only with the assumption that Spear did not testify correctly as to the matters which he claims to have disclosed to the Arbitration Association. Whether or no they were disclosed, the stark fact remains that Cross Properties, Inc., was not apprised of them.

It cannot be gainsaid that Spear may have been in a better position than either the learned Special Term Justice or the Referee to know if he disclosed anything to the Tribunal Clerk, and what he meant by it. On argument of this appeal respondent conceded that if Spear had made any disclosure to the Tribunal Clerk that was not transmitted to appellant, then *Rogers* v. *Schering Corp.* (165 F. Supp. 295, affd. 271 F. 2d 266) would apply and the award would have to be vacated. Thus, if we accept Spear's testimony that he made the disclosure, then the award must be set aside because the Tribunal Clerk did not transmit it to Cross Properties, Inc. If, on the other hand, Spear made no disclosure, then in the light of his business relationships with Gimbel Brothers, Inc., he should have disclosed them and, on the authority of *Milliken* (*supra*) his failure to do so requires that the award be vacated.

Although the other grounds for objection to the award may not, in and of themselves, have necessitated a vacatur of the award, they do not lessen the impact of the objection discussed hereinabove, and certainly fortify the conclusion that the appellant "was not accorded that complete impartiality and indifference which it was entitled to expect from a disinterested board of arbitrators" (*Matter of Milliken Woolens* [*Weber Knit Sportswear*], *supra*, p. 169).

Hence, if the integrity of the arbitration system is to be preserved, the award arrived at under the circumstances revealed herein should be vacated.

Rabin, J. P., McNally, Stevens and Steuer, JJ., concur in *Per Curiam* opinion; Valente, J., dissents in opinion.

Order and judgment affirmed, with costs to respondent.