[Nos. 38447-3-I; 38745-6-I. Division One. August 25, 1997.]

JAMES B. HANSON, *Respondent*, v. CHUL SHIM, ET AL., *Appellants*.

540

*Stephen B. Johnson, Charles C. Robinson,* and *Garvey, Schubert & Barer,* for appellants.

*Hall Baetz, Michele G. Radosevich,* and *Davis Wright Tremaine,* for respondent.

BAKER, C.J. — This case arose from a failed 1991 venture between James Hanson and Jenam Enterprises, Inc., Pan Pacific Trading Corporation, and Chul Shim (owner/representative of both corporations) to form Arctic Sounder Fisheries, Inc. (ASF), a company that was to convert a vessel owned by one of Hanson's companies into a fishing vessel. When the deal began to fail, Jenam filed an involuntary bankruptcy against ASF, during the course of which Pan Pacific purchased the vessel for a fraction of its current value. Hanson then filed suit against Jenam, Pan Pacific, and Shim for breach of the 1991 agreements. Per those agreements, the case was stayed pending arbitration. The arbitrator awarded Hanson $1,760,000.

Hanson moved to enter judgment on the award, but Jenam opposed confirmation and sought vacation of the award. After the trial court considered a series of motions on these issues, it entered judgment on the award. Later the trial court denied Jenam's motion to vacate the award.

On appeal Jenam argues that the trial court should have vacated the arbitration award because (1) the arbitrator failed to disclose a prior association with the law firm representing Hanson, (2) the trial court lacked jurisdiction to enter the award because the arbitrator resolved issues that were within the exclusive jurisdiction of the bankruptcy court, and (3) the trial court denied it due process by requiring it to post a bond as a condition to further delaying entry of the judgment.

We hold that no duty to disclose the prior association existed, and that Jenam waived its right to object to the nondisclosure by failing to seek a remedy upon receiving notice of the potential conflict. We further hold that neither the face of the arbitrator's award nor the arbitrator's opinion indicates that the arbitrator decided issues within the exclusive jurisdiction of the bankruptcy court, and that because Jenam agreed to binding arbitration and sought the arbitration, it cannot now challenge the arbitrator's jurisdiction. We also hold that no due process violation occurred because, regardless of the propriety of the bond requirement, Jenam had notice and the opportunity to be heard before the trial court confirmed the award. We therefore affirm the confirmation and entry of judgment on the arbitration award.

## FACTS

In the preincorporation agreements, Hanson and his companies agreed to supply the vessel and complete its refurbishment, and Jenam, Pan Pacific, and Shim agreed to supply the initial funding and seek the additional financing necessary. Later ASF entered into a standby loan agreement with Pan Pacific. The agreements provided

for binding arbitration of disputes under RCW chapter 7.04.

After ASF's bankruptcy, Hanson sued Jenam, Pan Pacific, and Shim for breach of the 1991 agreements, tortious interference, and fraudulent concealment. Jenam denied the allegations and counterclaimed for breach of contract, misrepresentation, and breach of duty.

The court granted Jenam's motion to stay the proceedings pending arbitration. Lawrence Mills was chosen as the arbitrator because he appeared on each party's list of ten acceptable arbitrators. Mills told the parties that he had no conflicts. He did not disclose that he had been an associate with the law firm representing Hanson for approximately two years in the mid-1970s. Midway through the arbitration, a witness suggested that Mills' prior association with the firm representing Hanson created a potential conflict. While the parties dispute how the arbitrator responded to this suggestion, it is undisputed that Jenam neither objected to Mills continuing as arbitrator after receiving notice of the alleged conflict, nor investigated the alleged conflict until after Mills made the award.

. The arbitrator awarded Hanson $1,760,000 plus interest. In his opinion, the arbitrator determined that Jenam breached both the preincorporation agreement with Hanson and its fiduciary duty to him.

Hanson moved to lift the stay, confirm the award, and enter the judgment. Jenam opposed confirmation and entry of judgment, arguing that the arbitrator committed misconduct by not disclosing the possible conflict, and exceeded his jurisdiction by deciding issues within the bankruptcy court's exclusive jurisdiction. Jenam also moved to continue confirmation until the court ruled on the motion to vacate that it was going to bring.

Concerned that Jenam would dispose of or encumber its assets to avoid paying the award, Hanson objected to the continuance and asked the court to condition the continuance on Jenam's posting a bond in the amount of the

award. The trial court declined to rule on the bond request until a motion on the issue was filed. The trial court ordered Jenam to file its motion to vacate by March 25, continued the confirmation hearing until May 2, and consolidated both motions to be heard on that date.

Hanson saw Shim moving property out of Jenam's condo and learned that Pan Pacific had vacated its offices. He attempted to insure collection on the arbitration award by obtaining an ex parte writ of attachment on Jenam's real property. He then provided Jenam with notice of its right to a hearing challenging the writ. He also moved for an order requiring a bond to secure the arbitration award.

Jenam sought to discharge the writ, arguing that its issuance without notice violated due process. Jenam also opposed the bond, and moved to continue the hearing on that issue. The trial court set hearing on those motions for March 28.

On March 22 Hanson discovered that a deed of trust had been recorded against the condo, and he moved for emergency entry of the judgment. Jenam objected, noting that it had the right to encumber its property, that entry of the judgment would not impact the encumbrance, and that Hanson had other remedies if the conveyance were fraudulent. After a March 25 hearing, the court ordered Jenam to post a $1,795,200 bond within five days as a condition for further delaying entry of the judgment. Jenam also moved to vacate the arbitration award.

On March 28 the trial court heard argument on the validity of the writ and the bond. Hanson argued that the judgment should be entered because five days had passed and Jenam had not posted the bond. Jenam argued that the issue of confirmation was not before the court. The trial court ruled that the confirmation issue had been adequately addressed in the briefing. Because no bond had been posted, the trial court determined that further continuance of confirmation was inappropriate. The trial court signed an order to be entered on March 29, lifting the stay, confirming the award, and entering the judg-

ment. Because its decision rendered the writ issue moot, the trial court denied Jenam's motion to discharge the writ. On May 2 the trial court denied Jenam's motion to vacate the award.

## ANALYSIS

 Arbitration is a preferred means of settling disputes without litigation, in which an arbitrator is the judge of both the law and the facts.[1] A trial court's limited authority to confirm, vacate, modify, or correct an arbitration award arises from statute in RCW 7.04.150-.170.[2]

A trial court may confirm an award within one year "unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected[.]"[3] Confirmation requires five days written notice.[4] A trial court may vacate an arbitration award for the following reasons:

> In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:
>
> (1) Where the award was procured by corruption, fraud or other undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators or any of them.
>
> (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.
>
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a final and definite award upon the subject matter was not made.

---

[1]*Davidson v. Hensen*, 85 Wn. App. 187, 192, 933 P.2d 1050, *review granted*, 132 Wn.2d 1006 (1997).

[2]*Davidson*, 85 Wn. App. at 192.

[3]RCW 7.04.150.

[4]RCW 7.04.150.

. . . .

> An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.[5]

The party seeking to vacate the award bears the burden of proof.[6]

 In light of the limited statutory authority granted to a court reviewing an arbitration award, the court considers only the face of the award.[7] To determine whether an issue was presented to the arbitrator, the reviewing court considers the face of the award "in light of the arbitration agreement, the demand, and any documents reflecting the charge to the arbitrator[ ]."[8] A statement explaining the arbitrator's reasons for the award is not part of the award.[9] A reviewing court does not consider the merits of the case or the evidence presented to the arbitrator.[10] Unless an error appears on the face of the award, it will not be vacated or modified.[11]

Jenam first argues that the arbitration award should have been vacated because the arbitrator failed to disclose his past relationship with the law firm representing Hanson. Jenam argues that this failure was evidence of evident partiality or misconduct. Jenam asserts that a detailed disclosure of all facts which might arguably create a conflict is required because arbitration is not subject to review. We disagree.

 Our courts have declined to adopt such a compre-

---

[5]RCW 7.04.160.

[6]*Schreifels v. Safeco Ins. Co.*, 45 Wn. App. 442, 445, 725 P.2d 1022 (1986).

[7]*Davidson*, 85 Wn. App. at 192.

[8]*Woodley v. Safeco Ins. Co.*, 84 Wn. App. 653, 661, 929 P.2d 1150 (1997).

[9]*Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 403, 766 P.2d 1146 (1989).

[10]*Davidson*, 85 Wn. App. at 193.

[11]*Davidson*, 85 Wn. App. at 192-93.

hensive disclosure requirement for arbitrators.[12] "Not every relationship is a disclosable relationship."[13] A general duty to disclose exists when the relationship or circumstance creates a reasonable inference of the presence of bias or the absence of impartiality.[14] Such an inference is created when an arbitrator has had a relatively recent association with a law firm representing a party and a continuing relationship with the firm on other matters.[15] Even when such an inference exists, the party seeking vacation must still show prejudice from the nondisclosure.[16]

Hanson does not dispute that Mills was an associate of the firm representing him from 1976 to 1978, or that one of his attorneys was a member of the firm at that time. Jenam asserts that the firm's attorneys worked together, so Mills must have worked with Hanson's attorney, and that Mills accepted referrals from his former law firm. However, Jenam has presented no evidence to support either of these assertions. In addition, it is undisputed that Mills was known to both party's attorneys, and was chosen

---

[12]*See Perez v. Mid-Century Ins. Co.*, 85 Wn. App. 760, 767, 934 P.2d 731 (1997) (prearbitration declaratory judgment action in which court declined to disqualify one arbitrator on panel because of his ongoing relationship with party that appointed him).

[13]*St. Paul Ins. Cos. v. Lusis*, 6 Wn. App. 205, 209, 492 P.2d 575, 56 A.L.R.3d 687 (1971) (applying American Arbitration Association standards, no duty to disclose that arbitrator and party's counsel were on state bar board of governors), *review denied*, 80 Wn.2d 1009 (1972).

[14]*Perez*, 85 Wn. App. at 767; *Lusis*, 6 Wn. App. at 213.

[15]*Lusis*, 6 Wn. App. at 210-13 (citing *Milliken Woolens, Inc. v. Weber Knit Sportswear, Inc.*, 11 A.D.2d 166, 202 N.Y.S.2d 431 (1960) (vacating award because of prior and continuing relationship between arbitrator and attorney in proceedings), *aff'd*, 9 N.Y.2d 878, 216 N.Y.S.2d 696, 175 N.E.2d 826 (1961); *Cross Properties, Inc. v. Gimbel Bros., Inc.*, 15 A.D.2d 913, 225 N.Y.S.2d 1014 (not vacating award made by arbitrator whose real estate company engaged in business with a party), *aff'd*, 12 N.Y.2d 806, 236 N.Y.S.2d 61, 187 N.E.2d 129 (1962); *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 89 S. Ct. 337, 21 L. Ed. 2d 301 (1968) (vacating award because arbitrator provided repeated and significant—but not regular—services over four or five years and did some work on project involved in arbitration)).

[16]*Schreifels*, 45 Wn. App. at 448 (no prejudice shown when no claim made that nondisclosed relationship impacted outcome of hearing).

because he appeared on each party's list of acceptable arbitrators. No inference of bias or absence of impartiality arises from Mills' distant relationship with Hanson's counsel. No evidence of any continuing relationship exists. The record does not establish a duty to disclose this relationship.

Moreover, it is also undisputed that the prior association was brought to Jenam's attention midway through the arbitration, but that Jenam made no objection or attempt to investigate the allegation until after the unfavorable award was entered. Jenam cannot wait to see whether the award is favorable before raising a challenge that it was aware of before the award was entered.[17]

Finally, Jenam has not shown that Mills' prior association with the law firm of Hanson's counsel impacted the arbitration award. To show the required prejudice, the nondisclosure must have impacted the award.[18] Jenam does not claim that the prior association had any actual impact on the award; rather it argues that the nondisclosure limited its right to choose a neutral arbitrator. That argument defeats the prejudice requirement because any nondisclosure limits choice. Without some proof that the prejudice impacted the award, Jenam's claim that the nondisclosure warrants vacation fails.

Jenam next argues that the award should have been vacated because the arbitrator exceeded its authority by ruling on claims that did not belong to Hanson, but were

---

[17]*See Reeves Bros., Inc. v. Capital-Mercury Shirt Corp.*, 962 F. Supp. 408, 412 (S.D.N.Y. 1997) (denied vacation because no reason existed to allow party to wait until after award to raise challenge to arbitrator that it knew of before award was made) (citing *Peters Fabrics, Inc. v. Jantzen, Inc.*, 582 F. Supp. 1287, 1292 (S.D.N.Y. 1984)); *see also Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 683 (7th Cir.) (reversed vacation, noting that court did "not want to encourage the losing party to every arbitration to conduct a background investigation of each of the arbitrators in an effort to undercover evidence of a former relationship"), *cert. denied*, 464 U.S. 1009 (1983); *cf. Lent's, Inc. v. Santa Fe Eng'rs, Inc.*, 29 Wn. App. 257, 264, 628 P.2d 488 (1981) (party should not be permitted to wait to see whether award is favorable and, if not, then be allowed to challenge its timeliness).

[18]*See Schreifels*, 45 Wn. App. at 449.

derivative claims of ASF which were within the exclusive jurisdiction of the bankruptcy court. Jenam argues that the arbitrator's opinion shows that the award was based solely upon damages suffered by ASF. We disagree.

A reviewing court determines whether an arbitrator exceeded his power based upon the face of the award.[19] An arbitrator's opinion or statement of reasons for the decision is not part of the award that the court considers when examining the face of the award.[20] Here, contrary to Jenam's contention, the arbitrator's opinion is not part of the award. No error is apparent from the face of this award, which simply awards Hanson $1,760,000 plus interest, allocates costs and fees, and indicates that it is a full settlement of all claims submitted for arbitration.

Even if we were to consider the arbitrator's opinion, it does not address the same claims that were resolved by the bankruptcy court. The opinion establishes that Hanson and Jenam were parties to the preincorporation agreement in which they agreed to form ASF and to use their best efforts to obtain financing. Knowing that Hanson was unable to obtain financing, Jenam promised Hanson that the costs of conversion would be paid, so Hanson continued that work. The arbitrator determined that Jenam (1) breached its fiduciary duty to Hanson by refusing to pay the costs he incurred, and (2) breached the preincorporation agreement by failing to use its best efforts to obtain financing and to act in accordance with the implied covenant of good faith and fair dealing. But the arbitrator also determined that no breach of the standby loan agreement between Pan Pacific and ASF occurred. Thus, the opinion indicates that the award was based upon breach of the agreements that Jenam had with Hanson individually, but not the agreements with ASF.

Hanson also contends that Jenam cannot now chal-

---

[19] *Boyd v. Davis*, 127 Wn.2d 256, 261-63, 897 P.2d 1239 (1995) (applying face of award rule, court refused to consider terms of contract; holding that no error of law existed on face of award).

[20] *Westmark*, 53 Wn. App. at 403.

lenge the arbitrator's authority because it invoked that authority by seeking arbitration. We agree. The scope of an arbitrator's authority is governed by the agreement to arbitrate.[21] Here, the preincorporation agreement provides for arbitration of "[a]ny controversy, claim or dispute arising out of or relating to this Agreement or the breach thereof" under the rules in RCW chapter 7.04. Hanson's individual claims against Jenam are within this arbitration agreement.

Moreover, our courts have held that a party cannot challenge a court's jurisdiction when it receives an unfavorable result after it has invoked the court's authority.[22] Having sought arbitration of this dispute under the preincorporation agreement, Jenam cannot now challenge the arbitrator's authority or the court's jurisdiction to enter the arbitration award.

Even if this case had properly raised a jurisdictional question, we agree with Hanson that the arbitrator could determine its own jurisdiction, including whether a claim is the property of the bankruptcy estate.[23] Moreover,

---

[21]*Munsey v. Walla Walla College*, 80 Wn. App. 92, 95, 906 P.2d 988 (1995).

[22]*See Svatonsky v. Svatonsky*, 63 Wn.2d 902, 904-05, 389 P.2d 663 (1964) (appeal of dissolution decree's distribution of property as beyond the court's authority and void; holding that court will not allow a party to invoke its jurisdiction and then challenge that jurisdiction when the party does not receive the relief it sought); *Colby v. Phillips*, 29 Wn.2d 821, 829-30, 189 P.2d 982 (1948) (appeal of decree granting specific performance on real estate contract; holding that party may not challenge court's authority when both parties voluntarily invoked court's jurisdiction over issue); *Dunlap v. Wild*, 22 Wn. App. 583, 587-88, 591 P.2d 834 (1979) (holding that party who consented to arbitration proceedings was estopped from challenging their validity to avoid collateral estoppel effect of arbitrator's decision).

[23]Generally, a state court may determine the impact that a bankruptcy proceeding has on whether a party has standing to bring an action, and whether the bankruptcy deprives it of jurisdiction. *See Bloomer v. Southwest Wash. Prod. Credit Ass'n*, 36 Wn.2d 752, 757-58, 220 P.2d 324 (1950) (affirming foreclosure because property was not in exclusive jurisdiction of bankruptcy court when party's interest in property did not arise until after bankruptcy was filed); *Marks v. Benson*, 62 Wn. App. 178, 183-86, 813 P.2d 180 (seller of property who filed bankruptcy, but did not list assignment of secured interest on its schedules, did not have standing to sue in state court to enforce assignment because property not dealt with in bankruptcy is still property of bankruptcy estate), *review*

Jenam's jurisdictional argument is flawed. Hanson's claims were not clearly derivative. While a stockholder cannot generally sue as an individual for damages arising from a contract between the corporation and a third party, a stockholder may sue individually when the injury resulted from the violation of a special duty to the stockholder that was independent from his status as a stockholder, even when the corporation may have a similar cause of action.[24] The arbitrator's opinion indicated that Hanson's claims were not derivative because they arose from a duty owed to Hanson individually.[25]

■ ■ Finally, Jenam argues that the trial court denied Jenam due process by entering the judgment without a hearing when it did not post a bond. We disagree. Due process requires only "that a party receive proper notice of proceedings and an opportunity to present [its] position before a competent tribunal."[26] Due process does not require any particular form or procedure; oral argument is not a due process right.[27]

Here, it is undisputed that Jenam received adequate notice. In addition, while the trial court did not conduct a hearing specifically on the confirmation issue, the record indicates that it considered the merits of Jenam's opposition to confirmation as presented in Jenam's written

denied, 118 Wn.2d 1001 (1991); Westlund v. Department of Licensing, 55 Wn. App. 82, 84, 778 P.2d 40 (state court has jurisdiction to determine whether state court proceedings are subject to automatic stay provisions), review denied, 113 Wn.2d 1020 (1989).

[24]Hunter v. Knight, Vale & Gregory, 18 Wn. App. 640, 644-46, 571 P.2d 212 (1977), review denied, 89 Wn.2d 1021 (1978).

[25]Hanson provides other reasons that we should reject Jenam's jurisdictional argument, including that it is merely a reformulation of the standing argument that was rejected by the arbitrator. Further analysis of Jenam's jurisdictional argument is inappropriate, however, because it would require us to go beyond the face of this award.

[26]Parker v. United Airlines, Inc., 32 Wn. App. 722, 728, 649 P.2d 181, review denied, 98 Wn.2d 1011 (1982).

[27]Parker, 32 Wn. App. at 728.

552

submissions. Even if the bond requirement was error,[28] Jenam's due process rights were not violated by the confirmation of the award and entry of judgment.

Affirmed.

WEBSTER and COX, JJ., concur.

Review denied at 134 Wn.2d 1017 (1998).

---

[28]Because resolution of whether the arbitration statute authorizes a bond is not necessary to our resolution of this appeal, we do not address the issue.