POULEY, J.

SUMMARY

The Appellee Harry Bessette was dismissed from his position as a TERO Compliance Officer for the Tribes after he received a fourth Employee Warning Notice within one year. The first three were addressed on October 26, 2012. These *354 were issued for two incidences of unauthorized decision making and one for improper use of his position. He was also issued an Employee Corrective Action Plan in lieu of dismissal. Under its terms, if he failed to comply with the corrective action plan, he could be dismissed. It was effective until January 25, 2013. In December, Mr. Bessette was issued a fourth Employee Warning Notice for improper use of his position. In December of 2012, he was dismissed and appealed to the Administrative Law Judge on December 21, 2012. The Administrative Law Judge upheld his termination on March 14, 2013 on a motion for Judgment on the pleadings. Mr. Bes-sette appealed under the Colville Tribes Administrative Procedures Act.[1] The trial court reversed and remanded to the Administrative Law Court on April 4, 2014. This Appeal was filed by the Colville Tribes on May 2, 2014. Based on the reasoning below, the Court of Appeals finds that the trial court was correct in applying the facts and law before it and therefore AFFIRMS the decision of the trial court and remands this case to the trial court for action consistent with this opinion.

STANDARD OF REVIEW

The issues in this matter are primarily legal issues concerning the interpretation of the Tribes Employee Policy Manual and thus the trial court’s determination is subject to de novo review by the this Court. CCT v. Naff, 2 CTCR 08, 22 ILR 6032 (1995); Finley v. CTSC, 8 CCAR 38 (2006).

ISSUES

1. Did the trial court err in reversing the decision of the Administrative Law Judge (ALJ) for failing to articulate a standard for review of the motion and erroneously applying the doctrine of sovereign immunity?
2. Did the trial court err in affirming the authority of the Administrative Law Judge to grant a judgment on the pleadings without a hearing?

DISCUSSION

1. Did the trial court err when it reversed the Decision of the Administrative Law Judge dismissing the appeal?
The central argument of the Appellant is that the ALJ decision was correct in not allowing review of the warning notices that led to the termination of the Appellee and that sovereign immunity and separation of powers bars the ALJ from reviewing the employee warning notices. The trial court disagreed and reversed the decision of the ALJ. This court agrees with the trial court that the decision of the ALJ failed to articulate a standard of review and incorrectly denied review of the substantive issues regarding the employee warning notices which resulted in his dismissal.
The primary argument of Appellant is that employee warning notices under the Tribes Employment policy manual are not reviewable. The Appellant argues that sovereign immunity and separation of powers bars the review by the ALJ, the trial court and this Court. Sovereign immunity waivers must be clear and will not be implied by the Court. CTEC v. Orr, 5 CCAR 1, — Am. Tribal Law — (1998). The Colville Tribes Employee Policy Manual specifically states that “Nothing in the manual constitutes a waiver of the Colville Tribes sovereign immunity. Certain limited remedies may be specifically provided for in this manual.” Employee Policy Manual (EPM)(I)(i). Whether the Tribes *355 waived its sovereign immunity is not relevant to this case because the EPM both grants and acknowledges remedies provided to employees for dismissal. The remedies sought by Appellee are precisely the kind of remedies that are available to an employee who has been dismissed from employment.
All regular employees have a right to appeal “only a dismissal or a reduction in pay” under certain requirements, EPM (D)(emphasis in the original). The EPM identifies the process for an appeal of a dismissal to the ALJ, provides remedies available to the ALJ and standards of review. The EPM also provides and allows for judicial review of the final agency action under the Colville Administrative Procedures Act. CTC 2-4, et seq. Appellee properly appealed his dismissal under the EPM to the ALJ. Then Appellee properly appealed to the Colville Tribal Court under the Colville Administrative Procedures Act. These actions are specifically authorized by tribal law and thus neither separation of powers nor sovereign immunity bars these claims.
The trial court reversed the ruling of the ALJ for two reasons finding the decision was arbitrary and capricious. First because the ALJ failed to state a standard of review including a failure to provide a link between the facts and the decision made and second because the ALJ relied on an error of law by not reviewing a dismissal which was based on warning notices. Appellant asks this court to extend sovereign immunity to dictate what particular actions resulting in dismissal can be reviewed. In particular, the Appellant argues that the Employee Warning Notices (EWN) which are the stated reason for the dismissal cannot be reviewed. This Court agrees with the trial court: “An appeal for a dismissal is not merely meant to question whether the EPM provided for dismissal, or that the EWNs were issued in the timeframes required. Rather an appeal necessarily extends to whether an EWN was properly issued, which includes whether there was a proper factual basis for its issuance in the first place.” Tr. Ct. Op. at page 7. Thus, on remand the ALJ should consider all stated reasons for dismissal under the standards identified in the EPM.
The Appellant next argues that allowing review of Employee Warning Notices would cause the court to be “inundated with appeals” and would “eviscerate the Tribe’s ability to manage its own employees, and day to day operations of the Tribe”. The Court is sympathetic to the Tribes concern. To be clear, the holding in this case does not create new review of EWNs or change review standards under the EPM. This Court holds that review of an employee dismissal necessarily includes whether there was a proper factual basis for the actions that resulted in the dismissal. However, that review is limited to whether by “clear and convincing evidence ... that the action being appealed was improperly implemented.” EPM D.8. The court neither expands nor limits any review of EWNs that are not related to the reviewable issue of dismissal.
2. Did the trial court err in affirming the authority of the Administrative Law Judge to grant a judgment on the pleadings without a hearing?
The Appellee argues that the ALJ erred in entertaining and granting a motion for judgment on the pleadings. The Appellee claims that denying him a hearing on the matter, and instead allowing for a judgment on the pleadings, denies him due process under the EPM. Instead of a hearing with witnesses, Appellee was served a motion for judgment on the *356 pleadings. Appellee was granted an opportunity to reply and he did reply. Then the ALJ made a ruling on the legal issues without oral argument. This, it is claimed, violated his right to due process. ‘
This Court continues to hold that “Due process is that which is due; notice and the opportunity to be heard.” Wilson v. Gilliland, 8 CCAR 64, 67, — Am. Tribal Law — (2006); Swan v. Colville Business Council, 1 CtrR 3, 4 (Colv. Tr. Ct.1992). It has been well established in other courts that oral argument is not required for a litigant to receive due process. In re Amendment of Rule 3, 440 F.2d 847 (9th Cir.1970). This Court holds that what is required in every case, however, is that the parties must receive an opportunity to present their position before a competent tribunal. See, Johnson v. Horizon Fisheries, LLC, 148 Wash.App. 628, 201 P.3d 346 (2009), quoting, Hanson v. Shim, 87 Wash.App. 538, 551, 943 P.2d 322 (1997). In this case, Mr. Bessette was provided notice of the motion for judgment on the pleadings, had an opportunity to reply, he did reply and the ALJ decided the issues on the basis of the briefing submitted. This meets the requirements of due process.
This Court affirms the trial court’s decision that a motion for judgment on the pleadings in this matter was not in error.
ORDER
It is therefore ORDERED that:
1. The decision of the trial court is AFFIRMED.
2. This matter is remanded to the trial court for further action consistent with this opinion.

. CTC 2-4-19 and 2-4-20.