**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

In the Matter of the Marriage of:

ISABELLE KUHLMEYER,

                   Respondent,

      and

SEAN KUHLMEYER,

                   Appellant.

DIVISION ONE

No. 78765-9-I

UNPUBLISHED OPINION

FILED: January 21, 2020

DWYER, J. — Sean Kuhlmeyer appeals an arbitration award entered in this lengthy, hotly disputed marital dissolution action. He contends that the arbitrator was partial, refused to consider his evidence, and entered an award containing facial legal errors. He also appeals the trial court's order confirming the arbitration award and all of the other orders entered in this action. We affirm.

I

The record before us is voluminous and the procedural history is convoluted. Therefore, we set forth only those facts necessary to address the issues on appeal. Sean and Isabelle Kuhlmeyer married in 2000, later had a child, and separated in 2016. In February 2017, Isabelle[1] petitioned for dissolution of the marriage.

---

[1] Because the parties share the same last name, we refer to them by their first names.

In January 2018, the parties agreed to arbitrate their disputes with Cheryll Russell. The arbitration was governed by chapter 7.04A RCW. The parties authorized the arbitrator to determine a final parenting plan, each party's income, a child support order, the division of assets and debts, a restraining order, and an award of attorney fees.

Arbitration was conducted over two days. The parties testified, counsel argued,[2] and a substantial volume of exhibits were introduced. In May 2018, the arbitrator entered a comprehensive 153-page award that set forth findings and conclusions resolving all issues. Sean did not agree with any of the rulings, contending that the arbitration award was "a travesty of justice" and "rife with errors."

In June 2018, Sean moved to vacate the arbitration award and requested a new trial. He also filed for bankruptcy and demanded that all issues before the arbitrator be re-litigated. Isabelle then asked the superior court to affirm the non-financial issues resolved in binding arbitration.

Subsequently, the court entered an order partially confirming the arbitration award (reserving resolution of financial issues pending the completion of Sean's bankruptcy), findings and conclusions, and an order restraining Sean from contacting Isabelle for 60 months. The court also entered a final parenting plan that restricted Sean's parenting time with, and the ability to make major decisions about, the child. The court imposed those parenting restrictions, under

---

[2] Sean, an attorney licensed in Washington, represented himself throughout the relevant portion of these proceedings, while Isabelle was represented by counsel. Sean is also representing himself on appeal.

RCW 26.09.191, based on Sean showing "no evidence of being able to stop his compulsively self-destructive litigation pattern, short of vindication, which h[e] is unlikely to get" and his abusive use of conflict "that endangers and damages the psychological development" of their child.

In July 2018, Sean filed a "motion and request for exercise of sua sponte powers" and asked the court to consider new evidence of alleged misconduct by Isabelle's counsel in conjunction with his motion to strike the arbitration award.[3] Isabelle responded by asking the court for relief from Sean's incessant and frivolous motions.

After a hearing, the court found Sean's repeated filings needlessly increased Isabelle's litigation costs and that his threats to continue improper litigation were harassing and abusive. Thus, in an effort to impede Sean's "ability to abusively use court filings and legal proceedings to harass" Isabelle, the court prohibited Sean from filing any more motions unless he submitted "a one-page statement regarding its subject matter" to the court and received approval to file the motion.[4] The court further awarded Isabelle attorney fees "for the necessity of reviewing thousands of pages of improper filings and addressing multiple improperly filed and frivolous motions." The court denied Sean's grievance

---

[3] Sean also filed a grievance against the guardian ad litem (GAL) appointed for the child and asked the court to disregard the GAL's reports.

[4] In its July 31, 2018 order on case management prohibiting Sean from sending e-mails to the court, the trial court observed: "In the past eight weeks, [Sean] has filed approximately 38 motions. . . . He also has emailed [sic] this court 31 times since June 2, 2018. Frequently, the emails [sic] improperly seek legal advice on how to file more motions, or to complain of some other, unrelated, situation." The court noted that Sean "has engaged in repetitive litigation that is harassing and abusive."

against the GAL, motion to vacate the arbitrator's award, motion for new trial, and motion for sanctions against Isabelle's counsel.

In August 2018, Sean filed a notice of appeal challenging numerous orders entered by the trial court between February and July 2018. Isabelle then filed a motion for contempt in which she asserted Sean was failing to comply with (1) the temporary child support order, (2) the communications provision of the parenting plan by continuing to contact her, (3) the restraining order by not surrendering his weapons,[5] and (4) the order directing him to obtain court permission prior to filing future motions. Following yet another hearing, the court found Sean in "contempt of court"[6] and denied Sean's request for permission to file several other motions.[7]

In September 2018, the court denied Sean's motion to reconsider the contempt order. That same month, the bankruptcy court dismissed Sean's petition after concluding that his petition "was filed in bad faith," "to prevent the resolution of the dissolution proceeding" with Isabelle, and "unfairly manipulate[ ] the bankruptcy code."[8]

---

[5] The court required Sean to surrender his weapons in a provision entered in a November 2017 restraining order.

[6] In making its contempt findings, the court noted how Sean had "been warned in multiple court orders to follow the orders of this court" and that "[n]otwithstanding the warnings, [he] filed almost 500 pages of documents less than two court days before this hearing[,]" with the "vast majority of the content" of his materials asserting "frivolous claims."

[7] Specifically, on August 29, 2018, the court denied Sean permission to file a motion to modify the parenting plan, a motion for contempt against Isabelle, and a motion "regarding personal property."

[8] The bankruptcy court summarized how Sean intended to use the bankruptcy code to disadvantage Isabelle in the dissolution proceedings as follows:

> [T]he debtor [Sean] wants to use an asset in which [Isabelle] has a substantial economic interest to satisfy [Isabelle's] claims against him, arising out of the marriage dissolution. While that is egregious under almost any circumstance, it is made even worse here by the additional facts that: (1) [Isabelle] has occupied the home and paid the mortgage since 2016; (2) [Isabelle] is exposed to the risk

In October 2018, the trial court denied Sean's numerous requests to file motions to reconsider and/or for a contempt order against Isabelle. The court stated: "The potential motions either are repetitive of motions that have been previously denied, or have no merit on their face."

In November 2018, Sean filed a second notice of appeal challenging various orders entered in the proceeding between August and October 2018.

In December 2018, the court entered findings and conclusions regarding financial issues, a final order confirming the arbitration award and assessing sanctions against Sean, a final dissolution decree, and a final child support order. The court denied Sean's motion for a continuance and for a new trial as repetitive of past motions and denied his other motions as meritless. Sean challenged these orders in January 2019 in a third notice of appeal.

All of Sean's notices of appeal are now before us for resolution.

II

Sean's appeals challenge the arbitration award and ask us to "reverse all orders of the trial court."

III

Washington law strongly favors the use of arbitration and our courts accord substantial finality to arbitration awards rendered in accordance with the parties' agreement and chapter 7.04A RCW. Davidson v. Hensen, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998). Accordingly, judicial review of an arbitration

---

that she would be unable to take Washington State's $125,000 homestead exemption, to which she would be entitled but for this case; and (3) the debtor didn't file this case until after the arbitrator involved in the dissolution case concluded the home should be awarded to [Isabelle].

award is exceedingly limited. Davidson, 135 Wn.2d at 119. A court may disturb an award only on the narrow grounds listed in RCW 7.04A.230(1) and only when those grounds appear on the face of the award. Westmark Props., Inc. v. McGuire, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989).

In an appeal from an arbitrator's award, "an appellate court is strictly proscribed from the traditional full review." Barnett v. Hicks, 119 Wn.2d 151, 157, 829 P.2d 1087 (1992). Accordingly, our review of an arbitrator's award is confined to a review of the decision by the court that confirmed, vacated, modified, or corrected that award. Expert Drywall, Inc. v. Ellis-Don Constr., Inc., 86 Wn. App. 884, 888, 939 P.2d 1258 (1997).

The party seeking to vacate the award bears the burden of proof. Hanson v. Shim, 87 Wn. App. 538, 546, 943 P.2d 322 (1997).

A

Sean first argues that the arbitrator was partial. He claims that the arbitrator exhibited bias by refusing to review his evidence and exhibits. This claim has no merit.

Under RCW 7.04A.230(1)(b)(i), an arbitration award may be vacated if there has been "[e]vident partiality by an arbitrator appointed as a neutral." Case law suggests that evident partiality is based on a relationship or circumstance that raises an inference of bias that the arbitrator has a duty to disclose. See Schreifels v. Safeco Inc. Co., 45 Wn. App. 442, 445-46, 725 P.2d 1022 (1986) (recognizing split as to whether the "evident partiality" standard should constitute an appearance of bias, actual bias, or the reasonable person standard falling

somewhere in the middle); S&S Constr., Inc. v. ADC Props., LLC, 151 Wn. App. 247, 258, 211 P.3d 415 (2009) (a court must ask whether the arbitrator's relationship to the parties "creates a reasonable inference of the presence of bias or the absence of impartiality").

Here, Sean does not allege any relationship or circumstance that the arbitrator failed to disclose. Nor does anything on the face of the arbitration award suggest unfairness or bias in the proceedings. Also, the fact that Sean agreed to use this arbitrator undercuts his "evident partiality" argument.

B

Sean cites RCW 7.04A.230(1)(c) which provides grounds for vacation if the arbitrator "refused to consider evidence material to the controversy . . . so as to prejudice substantially the rights of a party to the arbitration proceeding." He claims that the arbitrator refused to consider multiple declarations from "people attesting Isabelle was making false claims," and "had substantial anger, drinking, and mental-health issues." Because this claim is not supported by the record, we reject it.

Here, the face of the arbitration award lists 178 documents that the arbitrator reviewed in the proceeding, including the 13 declarations Sean submitted to support his positions.[9] Additionally, over the span of 18 pages, the arbitration award "summarized" all of Sean's arguments relating to his claims

---

[9] Notably, some of the documents before the arbitrator consisted of several hundred pages. For instance, Sean's arbitration brief was "approximately 500+ sheets of paper and most Exhibits [were] printed back-to-back with 2-4 pages per sheet." His pre-arbitration statement on financial issues was "approximately 600+ sheets of paper and the Exhibits [were] printed back-to-back with 4 pages to a sheet."

against Isabelle on the issue of parenting. The face of the arbitration award does not exhibit a failure to consider Sean's evidence.

C

Next, Sean contends that the arbitrator exceeded her authority by rendering an award with numerous facial legal errors.[10] We disagree.

An arbitrator exceeds his or her powers within the meaning of RCW 7.04A.230(1)(d) when the arbitration award exhibits a facial legal error. Broom v. Morgan Stanley DW, Inc., 169 Wn.2d 231, 239-40, 236 P.3d 182 (2010). The facial legal error standard is a "very narrow ground for vacating an arbitral award" that furthers the "purposes of arbitration" while preventing "obvious legal error." Broom, 169 Wn.2d at 239. Furthermore, the facial legal error standard

> does not extend to a potential legal error that depends on the consideration of the specific evidence offered or to an indirect sufficiency of the evidence challenge. Courts are not permitted to conduct a trial de novo when reviewing the award, they "do not look to the merits of the case, and they do not reexamine evidence." "The error should be recognizable from the language of the award."

Salewski v. Pilchuck Veterinary Hosp., Inc., 189 Wn. App. 898, 904, 359 P.3d 884 (2015) (footnotes and internal quotation marks omitted) (quoting Broom, 169 Wn.2d at 239; Cummings v. Budget Tank Removal & Envtl. Servs., LLC, 163 Wn. App. 379, 389, 260 P.3d 220 (2011)). Where the arbitration award sets forth

---

[10] Specifically, he claims that the arbitrator erred by (1) refusing to acknowledge Isabelle's allegations that he committed domestic violence were false; (2) refusing to analyze Isabelle's dishonesty; (3) improperly analyzing the grounds to issue a restraining order against him; (4) wrongly imposing a 60-month, instead of a 12-month, restraining order; (5) failing to correct a finding of "bad faith" entered in the final orders that was never litigated in the arbitration; (6) failing to reprimand Isabelle's counsel for "using highly inflammatory language" and insulting him; (7) failing to award him "substantially equal" parenting time and improperly analyzing the statutory factors to impose limitations on his parenting time and decision-making authority; and (8) dividing the assets and debts inequitably.

the arbitrator's factual findings and conclusions, we consider any issues of law evident in those findings and conclusions as part of the "face of the award." Cummings, 163 Wn. App. at 389.

Here, Sean essentially asks us to address the merits of the arbitration award, but we decline to look beyond the face of the award. Not only does Sean fail to identify any facial legal error in the arbitration award, he does not cite a single page of the 153-page award to support his arguments. Instead, the record before us demonstrates that the arbitrator resolved all of the parties' issues based on the specific facts and evidence in this case. The arbitrator considered, in great detail, all of Sean's arguments and, ultimately, rejected them. We conclude that the arbitration award exhibits no facial legal errors.

In sum, because he has failed to satisfy his burden, we hold that Sean is not entitled to vacation of the arbitration award under RCW 7.04A.230(1).

IV

Sean contends that all of the orders entered in this case contain error, but he does so by merely reciting the various claims he raised before the arbitrator and trial court. An appellate brief must include "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Here, Sean fails to cite to any legal authority or to any of the several dozen orders contained in the record to support his claim of systemic error. We are not required to scour the record to find support for this claim. In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (declining to scour the record and

construct arguments for counsel). Because Sean's claims of error are insufficiently briefed, we decline to address them and affirm the trial court's orders.

V

Finally, Isabelle seeks an award of appellate fees pursuant to RAP 18.1, RCW 26.09.140,[11] and also on the basis of Sean's alleged intransigence. Having considered the arguments set forth by the parties and the record before us, we exercise our discretion and decline Isabelle's request for an award of appellate fees.

Affirmed.[12]

WE CONCUR:

_____

_____

_____

_____

---

[11] That statute provides, "[u]pon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." RCW 26.09.140.

[12] Sean has filed a document in this appeal (No. 78765-9-I) entitled "Appellant-Respondent-Father's Petition/Motion for a Writ of Mandumus Commanding the Trial Court to Address Issues of Fact, and Request for Relief." This is an unauthorized brief. RAP 10.1(b). The brief is stricken. Additionally, to the extent Sean still has any motions pending in this court, we deny them.

Sean has also filed a document in this appeal (No. 78765-9-I) entitled "Fourth Notice of Appeal." The purpose of this filing is unclear. If the document seeks permission to amend the notice of appeal in No. 78765-9-I, that permission is denied. If the document seeks permission to expand the issues in this appeal beyond those identified in appellant's opening brief, that permission is denied. If the document seeks other relief, that request is denied.

Sean may commence original actions, commence appeals, or seek discretionary review under different cause numbers by taking necessary steps to comply with the Rules of Appellate Procedure and applicable statutes (including the payment of necessary filing fees).