78 P.3d 660 (2003)
Allison BARR, Respondent,
v.
John MacGUGAN and Jane Doe MacGugan, husband and wife, and their marital community, Appellants.
No. 51428-8-I.
Court of Appeals of Washington, Division 1.
November 3, 2003.
*661 Keith A. Bolton, Bolton & Carey, Seattle, WA, for Appellants.
Andrea A. Darvas, Attorney at Law, Burien, WA, for Respondent.
COLEMAN, J.
Alison Barr's lawsuit against John MacGugan was dismissed after her attorney failed to comply with an order compelling responses to discovery requests. Unbeknownst to her and the court, Barr's attorney was suffering from severe clinical depression. When Barr learned of the dismissal, she successfully moved to vacate the order of dismissal under CR 60(b). MacGugan contends on appeal that the trial court abused its discretion when it reinstated Barr's lawsuit. We find no abuse of discretion, because her attorney's mental illness, of which Barr was unaware, constituted extraordinary circumstances warranting relief from the judgment.

FACTS
In November 2000, Alison Barr filed suit through her attorney against John MacGugan, alleging that he injured her in a November 1997 auto accident. In the spring 2001, Barr's attorney failed to respond to the defendant's discovery requests. He then failed to comply with an order compelling discovery responses by August 31, 2001. Due to his noncompliance, the trial court granted MacGugan's motion to dismiss Barr's lawsuit with prejudice on December 3, 2001.
In August 2002, Barr learned from her attorney's landlord (also an attorney) that her case had been dismissed and that her attorney had been suffering from severe clinical depression, which caused him to neglect his practice. Although Barr had received a copy of the discovery requests from her attorney in March 2001, she heard nothing more from him after she returned her draft responses to him. She left multiple phone messages at his office in the fall 2001 and the spring 2002 to check on the status of her case, but she never received any response. Barr had no knowledge of the defendant's motions to compel or dismiss. Upon learning of the dismissal, Barr hired new counsel, who *662 in October 2002 successfully filed a motion to vacate the order of dismissal. MacGugan appeals.

DISCUSSION
CR 60(b) permits a court to vacate a final judgment for reasons such as excusable neglect, unavoidable casualty or misfortune preventing the party from prosecuting or defending, or any other reason justifying relief from the operation of the judgment. CR 60(b)(1), (9), (11). "The use of CR 60(b)(11) `"should be confined to situations involving extraordinary circumstances not covered by any other section of the rule."'" Gustafson v. Gustafson, 54 Wash.App. 66, 75, 772 P.2d 1031 (1989) (quoting In re Marriage of Flannagan, 42 Wash.App. at 221, 709 P.2d 1247 (1985)). The standard of review for a decision granting a motion to vacate under CR 60(b) is abuse of discretion. Luckett v. Boeing Co., 98 Wash.App. 307, 309, 989 P.2d 1144 (1999). A court abuses its discretion when its decision is based on untenable grounds or reasoning. Luckett, 98 Wash.App. at 309, 989 P.2d 1144.
On appeal, MacGugan argues that the trial court's decision was not based upon tenable grounds because, as a matter of law, an attorney's negligence can never constitute grounds for vacating a judgment under CR 60(b). He relies upon Haller v. Wallis, which stands for the rule that an attorney's negligence or neglect does not constitute grounds for vacating a judgment under CR 60(b), because under the law of agency, if an attorney is authorized to appear on behalf of a client, that attorney's acts are binding on the client. Haller v. Wallis, 89 Wash.2d 539, 547, 573 P.2d 1302 (1978). Thus, the attorney's negligence is attributable to the client. Haller, 89 Wash.2d at 547, 573 P.2d 1302. MacGugan cites several other Washington cases that have followed Haller in holding that attorney negligence or incompetence is insufficient grounds to justify relief from judgment against the client. See Lane v. Brown & Haley, 81 Wash.App. 102, 912 P.2d 1040 (1996) and M.A. Mortenson Co. v. Timberline Software Corp., 93 Wash.App. 819, 970 P.2d 803 (1999), aff'd, 140 Wash.2d 568, 998 P.2d 305 (2000) (rejecting arguments that attorney negligence constitutes a "mistake" or "irregularity" under CR 60(b)(1)).
While we acknowledge the general rule stated in these cases, they provide little guidance here because Barr's attorney suffered from severe clinical depression  not incompetence or deliberate inattention to his workload. (The parties do not dispute that the attorney's mental illness caused him to neglect his practice.) In addition, these cases all addressed allegations of negligent handling of cases resolved on the merits. The law favors resolution of cases on their merits. See Lane, 81 Wash.App. at 107, 912 P.2d 1040. The merits of Barr's case have never been addressed.
MacGugan cites only one Washington case that addressed an attorney's physical condition as grounds for relief, State ex rel. J.M.H. v. Hofer, 86 Wash.App. 497, 942 P.2d 979 (1997), but Hofer is inapplicable because it concerns jurisdictional requirements for requesting a trial de novo following arbitration, not CR 60(b).
Because Washington courts have not addressed the circumstances in which a lawyer's mental illness or disability can constitute grounds for vacating a judgment under CR 60(b), we turn to the federal courts for guidance. See Luckett, 98 Wash.App. at 311, 989 P.2d 1144 (finding guidance in federal rules for vacating judgments that are parallel to state rules). The Ninth Circuit Court of Appeals has held that an attorney's gross negligence may be grounds to set aside a judgment under Fed. R. Civ. Pro. 60(b)(6), the federal "catch-all" counterpart to CR 60(b)(11). Cmty. Dental Servs. v. Tani, 282 F.3d 1164 (9th Cir.2002). Under Tani, relief can be granted where the attorney's conduct essentially "vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of the attorney." Tani, 282 F.3d at 1171. This decision is in accord with the majority of federal courts, including those that have considered an attorney's mental illness or other disability as grounds for granting relief to an unaware client. See, e.g., United States v. Cirami, 563 F.2d 26 (2d Cir.1977) (vacating default judgment resulting from attorney's mental illness); *663 L.P. Stewart, Inc. v. Matthews, 329 F.2d 234 (D.C.Cir.1964) (holding that relief justified where personal problems of counsel caused him to grossly neglect a diligent client's case and mislead the client).
CR 60(b)(11) applies only in extraordinary circumstances relating to irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings. In re Marriage of Flannagan, 42 Wash.App. 214, 221, 709 P.2d 1247 (1985) (quoting State v. Keller, 32 Wash.App. 135, 141, 647 P.2d 35 (1982)). From Tani, we conclude that the circumstances presented here are sufficiently extraordinary and that the trial court properly exercised its discretion to vacate the judgment against Barr. In particular, we note that Barr diligently provided information to her attorney and made appropriate follow-up inquiries, but through no fault of her own was unaware of her attorney's disability. The irregularities that affected the proceedings below were entirely outside the control of the plaintiff, the defendant, and the court. Also, MacGugan has not shown with any specificity how he will be prejudiced by reinstatement.
In deciding this case, it is not necessary to consider whether gross negligence could constitute valid grounds to vacate a judgment under CR 60(b)(11).[1] The point discussed in Tani that is most pertinent here is that there is no basis for attributing the attorney's "acts" to the client when the agency relationship has disintegrated to the point where as a practical matter there is no representation. Accordingly, in recognizing this exception, we limit it to situations where an attorney's condition effectively deprives a diligent but unknowing client of representation. Because Barr proved that this situation existed here, the trial court had valid grounds to vacate the judgment.[2]
We affirm.
WE CONCUR: AGID, KENNEDY, JJ.
NOTES
[1] We also confine our analysis to the "extraordinary circumstances" provision, noting the federal authority in this area, as well as Barr's failure to offer argument or citation to legal authority under the "unavoidable casualty or misfortune" provision of CR 60(b)(9). RAP 10.3(a)(5).
[2] Although Barr also argues that she is entitled to relief because dismissal with prejudice is too harsh a remedy for a violation of the court's discovery order, we do not reach this issue because, "[o]n review of an order denying a motion to vacate, only `the propriety of the denial not the impropriety of the underlying judgment' is before the reviewing court." State v. Gaut, 111 Wash.App. 875, 881, 46 P.3d 832 (2002) (quoting Bjurstrom v. Campbell, 27 Wash.App. 449, 450-51, 618 P.2d 533 (1980)).