IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| TOWN OF SKYKOMISH, A MUNICIPAL CORPORATION,<br><br>     Respondent,<br><br>  v.<br><br>KARL BENZ and CATHERINE RILEY,<br><br>     Appellants,<br><br>INVESTORS PROPERTY SERVICES LLC, WHICH ACQUIRED TITLE AS INVESTOR'S PROPERTY SERVICE, LLC AND ALSO dba SKYKOMISH HOTEL LLC, and SKYKOMISH HOTEL LLC, and EVERGREEN PROPERTIES, INC.,<br><br>     Defendants. | No. 72735-4-I<br>(Consolidated with No. 73030-4-I)<br><br><br><br><br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br><br>FILED: April 4, 2016 |

SCHINDLER, J. — Pro se litigants Karl Benz and Catherine Riley appeal (1) the order denying their CR 60(b)(11) motion to vacate a judgment for CR 11 sanctions, (2) the order finding them in contempt for providing incomplete and untruthful answers to interrogatories and requests for production, and (3) the order finding they are vexatious litigants and prohibiting filing lawsuits related to the same facts or cause of action without prior court approval. We affirm in all respects.

FACTS

Following an administrative hearing in 2011, the Skykomish Building Inspector concluded the Skykomish Hotel (Hotel) "constitutes an unfit building" that violated the Skykomish Municipal Code.

> The condition of the property is such that it constitutes an unfit building per Town Code Section 15.25.040 as it is in disrepair, contains structural defects, is dilapidating and of a substandard condition. Further, the defects increase the hazard of fire, accidents, and the likelihood to cause damage or injury.

In February 2012, the town of Skykomish (Skykomish) filed a complaint in King County Superior Court against Skykomish Hotel LLC, Investors Property Services LLC, and Evergreen Properties Inc. to abate the Hotel as a public nuisance. Karl Benz is the sole member of Skykomish Hotel LLC. Catherine Riley is the sole member of Investors Property Services LLC and the sole shareholder of Evergreen Properties Inc. Benz and Riley are married.

On August 23, 2012, Benz and Riley on behalf Skykomish Hotel LLC, Investors Property Services LLC, and Evergreen Properties Inc. filed an answer, affirmative defenses, and counterclaims. Benz and Riley asserted that because "Evergreen Florida" loaned money to Skykomish Hotel LLC, it was "a bona fide lender of record" entitled to notice of the administrative proceedings against the Hotel and an indispensable party to the lawsuit.

In August 2013, the president of Evergreen Florida filed a declaration unequivocally stating that "Evergreen Florida never loaned any money to Skykomish Hotel, LLC."

2

Skykomish filed a motion for CR 11 sanctions against Benz and Riley and the attorney representing Investors Property Services LLC, Skykomish Hotel LLC, and Evergreen Properties Inc. Skykomish alleged Benz and Riley "knew or certainly should have known" that Evergreen Florida had never loaned any money to Skykomish Hotel LLC and the attorney "certainly knew that there was no bona fide debtor/creditor relationship" between Evergreen Florida and Skykomish Hotel LLC.

On September 13, 2013, the court entered an order granting the motion for CR 11 sanctions. The court found that Benz and Riley filed a verified answer, affirmative defenses, and counterclaims that "contained contentions and affirmative defenses that in fact were untrue" and filed affidavits that contained assertions that were not true. The court found the attorney filed pleadings that contained assertions that were not true and "failed to make a reasonable inquiry into the facts." The court concluded that Benz and Riley and the attorney "engaged in actions, filed pleadings and made representations that are not factually supported," and that "[t]he actions taken appear to have been . . . for the purpose of delaying the administration of the case and for the purpose of harassing and intimidating" Skykomish. The court entered a judgment for the CR 11 sanctions against Benz and Riley and the attorney for $37,661.18 "jointly and severally."

In March 2014, the attorney filed a motion to withdraw nunc pro tunc effective May 5, 2013 and vacate the CR 11 sanctions and judgment entered against him. The court held an in camera hearing to allow the attorney and another witness to testify. Following the in camera hearing, the court entered an order granting the attorney's motion to withdraw. The court entered an order vacating the CR 11 sanctions and

judgment entered against the attorney. Because of the in camera testimony, the judge recused and another superior court judge assumed responsibility for the case.

On September 15, 2014, Benz and Riley filed a motion to vacate the judgment for CR 11 sanctions under CR 60(b)(11). The court denied the motion to vacate the judgment.

Skykomish initiated supplemental proceedings against Benz and Riley to enforce the CR 11 judgment and other outstanding judgments against Skykomish Hotel LLC. Skykomish propounded interrogatories and requests for production to Benz and Riley and Skykomish Hotel LLC to identify the assets and income available to satisfy the judgments. Benz and Riley objected to many of the interrogatories and requests for production, asserting the documents needed to respond were in the "exclusive possession and control" of Skykomish. On behalf of Skykomish Hotel LLC, Benz states in the response to interrogatories that the Hotel received "no income" in the past six years.

Skykomish filed a motion for CR 37 sanctions for failure to provide truthful answers to the interrogatories and requests for production. Skykomish asserted Benz and Riley had not disclosed substantial amounts of money received between 2008 and 2010. The attorney representing Skykomish submitted a declaration attaching a number of canceled checks payable to Skykomish Hotel LLC and Investors Property Services LLC.

The court found Benz and Riley in contempt for providing "incomplete and false" answers to the interrogatories and requests for production. The court reserved

imposing sanctions and ordered Benz and Riley to provide updated and truthful answers to the interrogatories.

On November 20, Benz and Riley submitted supplemental answers to the interrogatories. Benz and Riley continued to assert Skykomish is in "exclusive possession and control" of the documents necessary to answer the discovery.

On December 17, Skykomish filed a motion to impose sanctions for "failure to completely and truthfully answer the interrogatories and requests for production as ordered on October 31, 2014." Skykomish also requested the court find Benz and Riley are "vexatious litigants" and require "court approval prior to filing additional court actions related to the current set of facts." Skykomish asserted, "[M]onetary sanctions do not deter the litigants' [sic] from vexatious litigation and from continuing to file claims both in court and outside of court against the plaintiff, the plaintiff's attorneys, and various other innocent third parties." In support, Skykomish listed several examples "of the vexatious litigation in this case."

On January 2, 2015, the court found Benz and Riley in contempt and entered an order imposing sanctions of $10,000. The court found Benz and Riley were vexatious litigants and entered an order prohibiting them from filing a suit "in any court of law in the state of Washington without first being represented by an attorney" and "arising out of or related to the same facts."

> The Court hereby orders that Karl Benz and Cate Riley, on behalf of the above named LLC defendants, are prohibited from filing a suit in any court of law in the state of Washington without first being represented by an attorney licensed to practice in the State of Washington.
> . . . The Court orders that Karl Benz and Catherine Riley, as individuals or on behalf of the above named LLC defendants, are prohibited from filing a suit arising out of or related to the same facts or cause

of action as those herein or against the Town of Skykomish, Carson Law Group, P.S. or any attorneys employed therein, without first seeking permission of the court by filing an affidavit stating why the claim has merit and does not arise out of the same facts or is against the same parties, and providing a copy of this order to the court for review.

## ANALYSIS

Benz and Riley argue the court abused its discretion by (1) denying their CR 60(b)(11) motion to vacate the judgment for CR 11 sanctions, (2) entering the order finding them in contempt for discovery violations, and (3) finding they are vexatious litigants and imposing prefiling restrictions.

<u>Order Denying CR 60(b)(11) Motion to Vacate</u>

Benz and Riley assert the court erred in denying the motion to vacate the judgment for CR 11 sanctions under CR 60(b)(11).

We review a trial court's decision to deny a motion to vacate under CR 60(b) for manifest abuse of discretion. <u>Haley v. Highland</u>, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. <u>Dix v. ICT Grp., Inc.</u>, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). Review of a decision on a motion to vacate is limited to the decision on the motion, not the underlying judgment. <u>Wright v. B&L Props., Inc.</u>, 113 Wn. App. 450, 456, 53 P.3d 1041 (2002). "The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion." <u>Bjurstrom v. Campbell</u>, 27 Wn. App. 449, 451, 618 P.2d 533 (1980).

CR 60(b)(11) is a catchall provision that allows a court to vacate a judgment for "[a]ny other reason justifying relief." CR 60(b)(11) is " 'confined to situations involving extraordinary circumstances not covered by any other section of the rule.' " <u>Barr v.</u>

MacGugan, 119 Wn. App. 43, 46, 78 P.3d 660 (2003) (quoting Gustafson v. Gustafson, 54 Wn. App. 66, 75, 772 P.2d 1031 (1989)). Extraordinary circumstances involve " 'irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings.' " Tatham v. Rogers, 170 Wn. App. 76, 100, 283 P.3d 583 (2012) (quoting In re Marriage of Flannagan, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985)). Errors of law do not justify vacating an order under CR 60(b)(11). Union Bank, N.A. v. Vanderhoek Assocs., LLC, ___ Wn. App. ___, 365 P.3d 223, 227 (2015).

First, Benz and Riley claim the court violated the appearance of fairness doctrine by denying their CR 60(b)(11) motion to vacate the judgment for CR 11 sanctions. A party asserting a violation of the appearance of fairness doctrine must produce "sufficient evidence demonstrating actual or potential bias, such as personal or pecuniary interest on the part of the judge; mere speculation is not enough." Kok v. Tacoma Sch. Dist. No. 10, 179 Wn. App. 10, 24, 317 P.3d 481 (2013). An adverse ruling, without more, does not support an inference of bias. See Rhinehart v. Seattle Times Co., 51 Wn. App. 561, 579-80, 754 P.2d 1243 (1988).

Benz and Riley presented no evidence of any actual or potential bias. After the original judge ruled on the attorney's motion to withdraw and vacate the CR 11 judgment against him, the case was assigned to another judge. Before denying the motion, that judge reviewed the records, files, and pleadings in the case and heard oral argument on the CR 60(b)(11) motion to vacate.

Benz and Riley next claim that by vacating the sanctions against the attorney, the court "admitted" the CR 11 sanctions were erroneously entered against them. The record does not support their argument. In granting the attorney's motion to vacate the

judgment for CR 11 sanctions, the court ruled the attorney is "relieved of any sanctions that the court imposed on him individually, not the individuals Mr. Benz or Ms. Riley or the corporation. I want to make that very clear. Those remain."

Benz and Riley also argue that the court should have vacated the judgment for CR 11 sanctions because the judgment was "duplicative" of an October 1, 2014 judgment entered against Skykomish Hotel LLC. The record does not support their argument. The October 1, 2014 judgment entered against Skykomish Hotel LLC explicitly states Skykomish Hotel LLC is entitled to an offset for the amount paid by Benz and Riley toward the CR 11 sanctions.[1]

The court did not abuse its discretion by denying their CR 60(b)(11) motion to vacate.

Order of Contempt

Benz and Riley contend the court abused its discretion by entering the order finding them in contempt for providing false and incomplete responses to the interrogatories and requests for production.

A party is entitled to broad discovery under CR 26. Magaña v. Hyundai Motor Am., 167 Wn.2d 570, 584, 220 P.3d 191 (2009). It is not ground for objection that the information sought will be inadmissible if the discovery request appears reasonably calculated to lead to the discovery of admissible evidence. Magaña, 167 Wn.2d at 584 (citing CR 26(b)(1)).

---

[1] For the first time on appeal, Benz and Riley claim the CR 11 judgment was duplicative of two judgments entered on January 2, 2015 against Skykomish Hotel LLC and Skykomish was unjustly enriched because it "accepted" sale of the Hotel as "satisfaction of all judgments." We do not consider arguments raised for the first time on appeal. LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 126, 330 P.3d 190 (2014).

The discovery rules are clear "that a party must <u>fully</u> answer all interrogatories and all requests for production, unless a specific and clear objection is made." <u>Physicians Ins. Exch. & Ass'n v. Fisons Corp.</u>, 122 Wn.2d 299, 353-54, 858 P.2d 1054 (1993).[2] "A party must answer or object to an interrogatory or a request for production. If the party does not, it must seek a protective order under CR 26(c)." <u>Magaña</u>, 167 Wn.2d at 584 (citing CR 37(d)). " '[A]n evasive or misleading answer is to be treated as a failure to answer.' " <u>Magaña</u>, 167 Wn.2d at 584 (quoting CR 37(d)).

A court may impose sanctions under CR 37(b)(2) "when a party fails to respond to interrogatories and requests for production." <u>Magaña</u>, 167 Wn.2d at 583-84. We review a trial court's decision to impose sanctions under CR 37 for abuse of discretion. <u>Burnet v. Spokane Ambulance</u>, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).

Skykomish propounded interrogatories and requests for production to Benz and Riley and Skykomish Hotel LLC to identify assets and income received over the past six years. Benz and Riley objected to many of the interrogatories as "overly broad," "unduly burdensome," and "not likely to lead to discoverable evidence." Benz and Riley also stated the documents needed to respond were in the "exclusive control and possession" of Skykomish. Specifically, that the documents were in the Skykomish Hotel and Skykomish "change[d] the entry lock on the Hotel, giving Plaintiff exclusive control and possession of the structure, and thereby preventing [Benz and Riley] from having access or possession."

Skykomish filed a motion to impose sanctions under CR 37 for failure to provide complete and truthful answers to the interrogatories and requests for production. Skykomish asserted Benz and Riley did not disclose over $600,000 that either they or

---

[2] Emphasis in original.

their limited liability companies received between 2008 and 2010. Skykomish requested Benz and Riley "be found to be in contempt of Court for the incomplete and false interrogatory answers." The Skykomish attorney submitted a declaration and attached a number of cancelled checks written by Burlington Northern Santa Fe Railway payable to Skykomish Hotel LLC and Investors Property Services LLC. The spreadsheet attached to the declaration shows Skykomish Hotel LLC received income in 2008 and 2009 totaling $566,346. The Mayor of Skykomish also submitted a declaration stating that Skykomish was "not in possession of any records belonging to the Hotel" and "[a]t no time was access restricted by the town in any way to the property owners." The court entered an order finding Benz and Riley in contempt for providing "incomplete and false" responses to the interrogatories and requests for production.

Benz and Riley rely on Pacesetter Real Estate, Inc. v. Fasules, 53 Wn. App. 463, 767 P.2d 961 (1989), to argue the court erred by not entering a finding regarding the objections raised in their responses to the interrogatories. Pacesetter does not address the imposition of sanctions under CR 37. In Pacesetter, the court addressed whether loans were usurious under chapter 19.52 RCW. Pacesetter, 53 Wn. App. at 468-470.

The court did not abuse its discretion by finding Benz and Riley in contempt under CR 37 for failure to provide complete and truthful answers to the interrogatories and requests for production.

Order Imposing Prefiling Restrictions

Benz and Riley challenge the order finding they are "vexatious litigants" and imposing prefiling restrictions. "We review a trial court's order limiting a party's access to the court for an abuse of discretion." Bay v. Jensen, 147 Wn. App. 641, 657, 196

P.3d 753 (2008). Under RCW 2.28.010(3), a trial court has the authority to "provide for the orderly conduct of proceedings before it." A court may "place reasonable restrictions on any litigant who abuses the judicial process." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). "[T]rial courts have the authority to enjoin a party from engaging in litigation upon a 'specific and detailed showing of a pattern of abusive and frivolous litigation.' " Yurtis, 143 Wn. App. at 693 (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)).

In the order imposing prefiling restrictions, the court found that "Karl Benz and Catherine Riley have engaged in a pattern of vexatious litigation," and "the record is full of substantive findings as to the frivolous and harassing nature of the litigants['] actions."

> Benz and Riley have been found in contempt for failure to completely and truthfully answer interrogatories on multiple occasions, Benz and Riley have been found in contempt for filing pleadings for the improper purpose of harassment and delay, have been found to have actually caused delay and harassment, filed untrue statements which created judicial waste, filed an action for the purpose of forum shopping; filed claims which have no merit, [and] continued to file pleadings on behalf of their entities even though they are fully aware that state law prevents them from representing their entities pro se.

Benz and Riley claim the "minimal filings made by Benz and Riley personally" do not support finding they are vexatious litigants.[3] Benz and Riley cite no authority to support the argument that the court should not have considered the pleadings they filed on behalf of their limited liability companies, nor do they identify the findings they believe the court made based on pleadings filed on behalf of their companies.

---

[3] Benz and Riley also argue the order violates the First Amendment by limiting their right to "petition the government for a redress of grievances." We disagree. "[A]n individual does not have an absolute and unlimited constitutional right of access to the court system." Yurtis, 143 Wn. App. at 694.

Benz and Riley rely on <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047 (9th Cir. 2007), to argue that compared to the number of pleadings filed in <u>Molski</u>, the court erred in finding they are vexatious litigants. <u>Molski</u> does not support their argument. The Ninth Circuit decision in <u>Molski</u> does not establish a threshold number of pleadings a litigant must file as a condition precedent to finding a pattern of vexatious litigation. <u>Molski</u>, 500 F.3d at 1060-62. In <u>Molski</u>, the court held the trial court did not abuse its discretion in finding an individual who filed "roughly 400 ADA[4] cases" was a vexatious litigant although "Molski's numerous suits were probably meritorious in part." <u>Molski</u>, 500 F.3d at 1060, 1062.

The record supports finding Benz and Riley engaged in a pattern of abusive and frivolous litigation and were vexatious litigants. The unchallenged findings set forth in the CR 11 sanctions order state, in pertinent part:

> CATHERINE RILEY [and] KARL BENZ . . . have engaged in actions, filed pleadings and made representations that are not factually supported. The actions taken appear to have been done so for the purpose of delaying the administration of the case and for the purpose of harassing and intimidating the TOWN. The proceedings in this case have, in fact, been delayed as a result of the actions.[5]

The record shows Benz and Riley filed a lawsuit in Snohomish County Superior Court against the Skykomish attorney, his law firm, and a process server.[6] The court dismissed the lawsuit for failure to state a claim and imposed sanctions for filing the action "for improper purposes of delay and to interfere with the attorney-client relationship." And the record shows they have filed multiple court documents, including

---

[4] Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213.

[5] Unchallenged findings are verities on appeal. <u>Sorenson v. Pyeatt</u>, 158 Wn.2d 523, 528 n.3, 146 P.3d 1172 (2006).

[6] <u>See Benz v. Rashleigh</u>, 189 Wn. App. 1009, 2015 WL 4522626, at *1-*2.

an appeal to this court, on behalf of their limited liability companies despite knowing Washington law prohibits them from doing so. The court did not abuse its discretion by imposing prefiling restrictions.

Next, Benz and Riley assert the court violated due process by denying their request to present oral argument by telephone at the hearing on the motion to impose prefiling restrictions. We review alleged due process violations de novo. Post v. City of Tacoma, 167 Wn.2d 300, 308, 217 P.3d 1179 (2009). Due process requires "notice and the opportunity to be heard." King County Pub. Hosp. Dist. No. 2 v. Dep't of Health, 178 Wn.2d 363, 380, 309 P.3d 416 (2013). " 'Due process does not require any particular form or procedure.' " Rivers v. Conference of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002) (quoting Hanson v. Shim, 87 Wn. App. 538, 551, 943 P.2d 322 (1997)).

Skykomish objected to the request to "appear telephonically at the hearing on this motion." Skykomish argued Benz and Riley "have not shown good cause why they should be allowed to appear telephonically." The court denied the request on the grounds that Benz and Riley "provided no basis for [their] request to appear telephonically." Because there is no due process right to oral argument on a motion, the court did not abuse its discretion. Rivers, 145 Wn.2d at 697; see also Hanson, 87 Wn. App. at 551-52 (no due process violation where trial court considered arguments presented in written submissions). We also reject the argument that the court violated the appearance of fairness doctrine by denying their request to present oral argument by telephone. Benz and Riley present no evidence demonstrating actual or potential bias. Kok, 179 Wn. App. at 24.

We affirm the order denying the CR 60(b)(11) motion to vacate, the order finding

Benz and Riley in contempt for discovery violations, and the order imposing prefiling

restrictions.[7]

WE CONCUR:

_Schindler, J._

_Trickey, J._                              _Dwyer, J._

---

[7] Because Skykomish does not include a separate section in its brief devoted to the request, we deny the request for attorney fees.  RAP 18.1(b); Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) ("Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs.")