IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| LORI J. JORDAN, | ) | No. 80689-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN E. WHITTED, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Lori Jordan originally brought this action against Stephen Whitted to enforce a Georgia child support order. The trial court found Whitted in contempt for failing to pay support. This court affirmed the contempt order in a previous appeal (Jordan I).[1] After Jordan I, Whitted moved to vacate the contempt order. The court denied the motion, granted Jordan's motion for CR 11 sanctions, determined Whitted was a vexatious litigant, and awarded Jordan attorney's fees. Whitted raises various arguments. We conclude Whitted fails to establish any basis for relief on appeal.

Therefore, we affirm.

---

[1] Jordan v. Whitted, No. 76168-4-I, (Wash. Ct. App. Feb. 12, 2018) (unpublished), www.courts.wa.gov/opinions/pdf/761684.pdf.

FACTS

In 2007, Jordan and Whitted's marriage was dissolved in Georgia. They have three children together. In 2007, Jordan and the children moved to Washington. Whitted moved to Maryland. In 2016, Jordan filed an action for back child support in King County Superior Court. The trial court entered an order of contempt and judgment for back support against Whitted. Whitted appealed, and in Jordan I, this court affirmed the trial court orders, determining Jordan "substantially complied with the [Uniform Interstate Family Support Act (UIFSA), ch. 26.21A RCW] requirements."[2]

Shortly after this court issued the opinion in Jordan I, Whitted filed a lawsuit against Jordan in federal court. He alleged abuse of process and argued Jordan and her attorney improperly filed a motion to remove the first judge in the above enforcement matter. The federal district court judge granted Jordan's motion for summary judgment and determined Whitted's case was frivolous. The district court judge imposed CR 11 sanctions and awarded Jordan her reasonable attorney's fees.[3]

After the district court judge entered the ruling, Whitted moved under CR 60(b) in King County Superior Court to vacate the orders affirmed in Jordan I. The case was assigned to Judge Elizabeth Berns, the same judge who entered

---

[2] Id. at 3.

[3] Apparently, that decision is on review to the Ninth Circuit Court of Appeals.

the challenged orders from Jordan I. Whitted moved to change the judge. Jordan moved for CR 11 sanctions against Whitted.

On October 15, 2019, Judge Berns denied Whitted's motion for a change of judge. On November 1, 2019, the court held a hearing on Whitted's motion to vacate and Jordan's motion for sanctions. Whitted did not attend the hearing. The court denied Whitted's motion to vacate, granted Jordan's motion for CR 11 sanctions, and determined Whitted was a vexatious litigant. On February 3, 2020, the court entered an ordering settling the record and findings of facts concerning the denial of Whitted's motion to vacate.

Whitted appeals.

ANALYSIS

I. Motion to Vacate

*a. Subject Matter Jurisdiction*

Whitted argues the court erred when it denied his CR 60(b) motion to vacate the contempt order. He contends the court lacked subject matter jurisdiction to hear Jordan's motion for contempt because Jordan "failed to properly register the Georgia child support decree in Washington as required by the UIFSA."[4]

We review a court's decision on a CR 60(b) motion for abuse of discretion.[5] However, "[w]hether a court has subject matter jurisdiction is a question of law

---

[4] Appellant's Br. at 15.
[5] Barr v. MacGugan, 119 Wn. App. 43, 46, 78 P.3d 660 (2003).

reviewed novo."[6]  "Washington superior courts have general jurisdiction, they lack subject matter jurisdiction only 'under compelling circumstances, such as when it is explicitly limited by the Legislature or Congress.'"[7]  When more than one state is involved in a child support proceeding, UIFSA applies and controls the determination of subject matter jurisdiction.[8]

Whitted relies on Scanlon v. Witrak.[9]  In Scanlon, the father appealed the court's denial of his CR 60(b) motion to vacate.  The underlying child support order was originally entered in Georgia.  The Washington court entered an order and judgment for child support arrearages.  This court reversed because at the time of the order and judgment, "Georgia retained continuing, exclusive jurisdiction over child support."[10]  The court determined Georgia retained jurisdiction because UIFSA applied and the parties failed to comply with the act's registration requirements.[11]

---

[6] Dougherty v. Dep't of Labor & Indus. for State of Washington, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003).

[7] In re Marriage of Owen and Phillips, 126 Wn. App. 487, 494, 108 P.3d 824 (2005) (internal quotation marks omitted) (quoting In re Marriage of Thurston, 92 Wn. App. 494, 498, 963 P.2d 947 (1998)).

[8] Id. at 494 n.4 (quoting Kurtis A. Kemper, Annotation, Construction and Application of Uniform Interstate Family Support Act, 90 A.L.R.5th 1 (2001) (citing 28 U.S.C. § 1738B)).  The UIFSA is codified in Washington in chapter 26.21A RCW and in Georgia in Ga. Code Annotated (GCA) §§ 19-11-110 to 19-11-118.

[9] 110 Wn. App. 682, 42 P.3d 447 (2002).

[10] Id. at 687.

[11] Id.

After <u>Scanlon</u>, in 2013, Georgia adopted a UIFSA amendment providing that Georgia, as the issuing state of a support order, maintained "continuing, exclusive jurisdiction" to "modify" the order.[12] Washington has adopted a similar amendment.[13] But Washington has subject matter jurisdiction to consider child support enforcement actions even when the child support order was entered in a different state.[14]

Whitted claims the Washington court carried out an unauthorized modification rather than a permissible enforcement. Although Jordan's petition in King County Superior Court referred to "modification," the Washington court did not modify the Georgia order; rather, the court merely enforced that order. Whitted's argument that modification was integral to the trial court contempt order enforcing Whitted's child support obligation is not supported by the record.[15]

---

[12] 2013 Georgia Laws Act 224 (S.B. 193); <u>see</u> former GCA § 19-11-114 (1997).

[13] <u>See</u> RCW 26.21A.150.

[14] <u>See</u> RCW 26.21A.500 ("A support order or income-withholding order issued in another state or a foreign support order may be registered in this state for enforcement."); <u>see also</u> GCA § 19-11-160 ("A support order or income-withholding order issued in another state or a foreign support order may be registered in Georgia for enforcement.").

[15] Whitted has filed two motions for judicial notice that have been passed to the panel. Whitted seeks judicial notice of certain records in the prior trial court proceedings to establish that Jordan sought a modification. But the undisputed facts in <u>Jordan</u> I establish that Jordan's petition and pleadings referred to both a modification and enforcement. As to Whitted's other motion to take judicial notice, Jordan points out that the documents are already included in the existing clerk's papers. There is no basis to grant either motion.

Whitted also relies on the federal Full Faith and Credit for Child Support Orders Act of 1994 (FFCCSA). Besides the UIFSA, "FFCCSA also applies to enforce interstate child support orders."[16] Whitted contends the FFCCSA, unlike the UIFSA, does not allow a litigant to satisfy the registration requirement with "substantial compliance."[17] He relies on 28 U.S.C. 1738B(i), which provides:

> If there is no individual contestant or child residing in the issuing State, the party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another State shall register that order in a State with jurisdiction over the nonmovant for the purpose of modification.

Whitted fails to provide compelling authority that the substantial compliance doctrine does not apply to the FFCCSA. And even if substantial compliance is not allowed, similar to the UIFSA, the continuing jurisdiction of the state that issued the order is limited to the authority to modify that order:

> A court of a State that has made a child support order consistently with this section has continuing, exclusive jurisdiction over the order if the State is the child's State or the residence of any individual contestant or the parties have consented in a record or open court that the tribunal of the State may continue to exercise jurisdiction to modify its order, unless the court of another State, acting in accordance with subsections (e) and (f), has made a modification of the order.[18]

As discussed above, here, the trial court did not modify any provision of the child support order and merely enforced that support order. Whitted fails to establish the order granting Jordan's contempt motion amounted to a modification.

---

[16] Owen, 126 Wn. App. at 494 n.4 (citing 28 U.S.C. § 1738B).

[17] Appellant's Br. at 21.

[18] 28 U.S.C. § 1738B(d).

Neither the UIFSA or the FCCSOA require the court to grant Whitted's motion to vacate. Georgia did not retain "exclusive, continuing jurisdiction" to enforce the child support order.

*b. Recusal*

Whitted also contends the court erred in denying his motion to vacate the contempt orders because the judge should have recused herself from the matter. "Recusal decisions lie within the sound discretion of the trial court."[19]

Whitted appears to argue three alternative grounds for recusal. First, he invokes RCW 4.12.050. But, in pertinent part, RCW 4.12.050(1) provides: "Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter" unless "the judge has made any discretionary ruling in the case."[20]

And here, at the time Whitted moved to change the judge, Judge Berns had entered a discretionary ruling in the case. Judge Berns entered a discretionary ruling when she decided Jordan's motion for contempt. Whitted's motion to vacate is clearly part of the same litigation as Jordan's motion for contempt. Disqualification under RCW 4.12.050 was unavailable.

Second, Whitted asserts Judge Berns' actual bias compelled recusal. Specifically, he alleges in a prior lawsuit between Jordan and Whitted, Judge

---

[19] Tatham v. Rogers, 170 Wn. App. 76, 87, 283 P.3d 583 (2012).
[20] RCW 4.12.050(1)(a).

Berns conceded she "was prejudiced against Whitted."[21]  But the order cited by Whitted does not contain such a concession.  The record establishes, in the separate matter between Jordan and Whitted, Whitted moved for an order changing the judge under RCW 4.12.040 to 4.12.050.  Although Judge Berns granted the motion, she did not concede she was actually prejudiced against Whitted.

Third, Whitted claims the Code of Judicial Conduct (CJC) warrants recusal. Whitted relies on the ethics complaint he filed with the Washington Commission on Judicial Conduct to argue Judge Berns was prejudiced against him or she violated the appearance of fairness doctrine.  But the record does not reveal Judge Berns was aware of Whitted's ethics complaint when she decided the motion for change of judge or entered the contempt order.  He speculates she must have known.[22] Although the Commission engaged in a preliminary investigation of Whitted's complaint, a preliminary investigation is confidential and does not necessarily include notice to the judicial officer.[23]  Additionally, as cited by Jordan, the Commission's website addresses the question "Can I get a judge removed from my case if I file a complaint against the judge?":

> Filing a complaint against a judge with the Commission is not itself sufficient reason to remove a judge from your case. Your complaint of judicial misconduct is a matter separate from your litigation. The allegations you make about the judge might or might not be sufficient

---

[21] Appellant's Br. at 31.

[22] See Clerk's Papers (CP) at 533 ("Presumably, Judge Berns was interviewed and opposed the allegations.").

[23] CJC Rule 11(a).

8

grounds to ask a judge to recuse from your case, and you must make that decision, yourself. The fact that you complained to the Commission about those allegations is not grounds for recusal.[24]

Whitted does not show Judge Berns abused her discretion when she denied his motion for change of judge.  Neither does the bare fact of an ethics complaint support an appearance of fairness claim.[25]

II.  CR 11 Sanctions

Whitted argues the court abused its discretion when it imposed CR 11 sanctions.

We review a court's imposition of CR 11 sanctions for abuse of discretion.[26] CR 11 serves to "deter baseless filings and curb abuses of the judicial system."[27] "A filing is baseless if it is not well grounded in fact, or not warranted by existing law or a good faith argument for altering existing law."[28]  The trial court should impose sanctions only when it is clear a claim has no chance of success.[29]

---

[24] Available at www.cjc.state.wa.us/index.php?page=about&section =faqs; see also Standing Comm. on Discipline of U.S. Dist. Curt for Cent. Dist of California v. Yagman, 55 F.3d 1430, 1443-44 (9th Cir. 1995) ("[A] party cannot force a judge to recuse . . . by engaging in personal attacks on the judge.").

[25] State v Solis-Diaz, 187 Wn.2d 535, 540, 387 P.3d 703 (2017) ("The party asserting a violation of the appearance of fairness must show a judge's actual or potential bias.").  Whitted does not establish any appearance of fairness violation.

[26] Engstrom v. Goodman, 166 Wn. App. 905, 917, 271 P.3d 959 (2012).

[27] Bldg. Indus. Ass'n of Washington v. McCarthy, 152 Wn. App. 720, 745, 218 P.3d 196 (2009).

[28] Id.

[29] Id. (quoting Skimming v. Boxer, 119 Wn. App. 748, 745, 82 P.3d 707 (2004)).

9

Here, the court determined Whitted's motion to vacate was baseless as a matter of law.

> 1.  Mr. Whitted's Motion to Vacate is baseless as a matter of law, because: (a) Mr. Whitted did not and cannot show fraud on this court related to the affidavit of prejudice submitted by Ms. Jordan's counsel in 2016; (b) Mr. Whitted is collaterally estopped from raising the issue of fraud on this Court by the judgment in Western District of Washington Case No. 2: J8-cv-00642; and (c) this Court cannot overturn the law of the case as set by the Washington State Court of Appeals in Jordan v. Whitted, 76168-4-1, 2018 WL 824556 (Wash. Ct. App. Feb. 12, 2018). Mr. Whitted has offered no plausible arguments for his position on these points, based either on current law or any good faith argument for a change or modification of current law.
>
> 2.  Mr. Whitted's Motion to Vacate is baseless as a matter of fact, because it was unaccompanied by any affidavit, and otherwise devoid of supporting evidence.
>
> 3.  Mr. Whitted filed the Motion to Vacate without conducting a reasonable pre-filing inquiry, since he knew or should have known of the fatal legal and factual flaws with the Motion, as enumerated above, before he brought it.[30]

First, Whitted's arguments regarding alleged fraud by Jordan's attorney as well as his attempts to obtain a change of judge are grounded in the provisions of RCW 4.12.050.  Implicit in his arguments is the recurring theme that invocation and application of .050 depends on a showing of actual prejudice.  However, "[n]o showing of actual prejudice is required."[31]  In at least three settings in superior

---

[30] CP at 491.

[31] State v Waters, 93 Wn. App. 969, 974, 971 P.2d 538 (1999); see Marine Power & Equip. Co. v. Dep't of Transp., 102 Wn.2d 457, 460-62, 687 P.2d 202 (1984) ("[O]nce a party timely complies with the terms of RCW 4.12.050, prejudice is deemed established.  Thereafter, 'the judge to whom [the motion] is directed is divested of authority to proceed further into the merits of the action.' . . . 'The statute permits of no ulterior inquiry; it is enough to make timely the affidavit and

court and once in federal court, Whitted invoked this same theme. Courts have consistently rejected his arguments based upon well-established Washington case law. In his motion to vacate, Whitted again raised this unsuccessful argument. And he offers no good faith basis advocating a change in the law.[32] Whitted's repeated invocation of this incorrect legal proposition is baseless. This ground alone supports the trial court's exercise of its discretion to impose CR 11 sanctions.[33]

Second, Whitted argues that the law of the case has no application because subject matter jurisdiction was not addressed in Jordan I. But subject matter jurisdiction was addressed by the superior court commissioner who originally heard the matter. Contrary to Whitted's misstatements, the motion to revise expressly requested the superior court to "[r]evise the Commissioner's ruling as it pertains to subject matter jurisdiction by finding 'substantial compliance' with the registration provisions . . . for purposes of proceeding with Motion for

_____

motion.'" (quoting State ex. rel. Talens v. Holden, 96 Wash. 35, 40, 164 P. 595 (1917)).

[32] Even though there may be exceptional circumstances where the disqualification of a judge is not warranted, that does not support the proposition that an actual showing of prejudice is required to trigger a change of judge under .050. See Marine Power, 102 Wn.2d at 465.

[33] In Whitted's federal court action and his motion to vacate, Whitted contends Jordan's prior attorney committed fraud by reciting Jordan had a conflict of interest with the initial judge assigned to the matter. But, of course, her affidavit of prejudice was filed in support of her RCW 4.12.050 motion. The excess verbiage was of no consequence. Whitted fails to establish any actionable fraud or improper judge shopping.

Contempt and Enforcement of the Georgia Order at issue."[34]  The court granted

Jordan's motion for revision, concluding Jordan substantially complied with the

UIFSA registration requirements.  In Jordan I, this court expressly affirmed the trial

court on that basis.  Even though this court did not use the label "subject matter

jurisdiction," it is clear that Jordan I resolved the issue when it determined the

superior court had the authority to enforce the Georgia child support order by

virtue of Jordan's substantial compliance with the UIFSA registration requirements.

Whitted again attempts to challenge the holding from Jordan I.  Whitted

establishes no basis to revisit that issue.

Finally, even assuming neither collateral estoppel nor law of the case

applies, as discussed above, Whitted cannot show fraud related to Jordan's

counsel's affidavit of prejudice submitted in 2016.  And, as a result, his motion to

vacate is "devoid of support evidence."

Whitted does not establish the court abused its discretion when it imposed

CR 11 sanctions.

III.  Vexatious Litigant

Whitted argues the court abused its discretion when it determined he was a

vexatious litigant.  Under RCW 2.28.010(3), the court has the discretion to "place

reasonable restrictions on any litigant who abuses the judicial process."[35]

---

[34] CP at 776.

[35] Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008).

In the same order denying Whitted's motion to vacate and granting CR 11 sanctions, the court determined Whitted was a "vexatious litigant."[36]  A court may impose limitations upon a vexatious litigant who abuses judicial process.[37]  The court ordered, "[I]f Mr. Whitted wishes to appear, either pro se or as a witness, in support of any further proceedings in this Court related to the Jordans that he do so in person, and not telephonically."[38]  Whitted repeats the same arguments from his challenge to CR 11 sanctions.

For the same reasons as above, Whitted does not establish the court abused its discretion when it determined he was a vexatious litigant.[39]

IV.  Fees on Appeal

Jordan seeks attorney's fees under RCW 26.18.160.  RCW 26.18.160 provides:

> In any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees.  An obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith in connection with the proceeding in question.

---

[36] CP at 492.

[37] In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990).

[38] CP at 492.

[39] The parties vigorously debate whether Whitted served various documents on Jordan and complied with local rules governing the delivery of materials for consideration by a superior court judge on a motion.  Whitted misreads the local rules to conclude that he could rely entirely on the superior court clerk to accomplish requisite service upon opposing counsel.  But we need not address these issues, including the superior court's order settling the record because, in any event, they do not change the outcome on appeal.

As the prevailing party, Jordan is entitled to her reasonable attorney's fees associated with this appeal. We grant Jordan's request in an amount to be determined by a commissioner of this court.

Therefore, we affirm.

_____

WE CONCUR:

_____          _____