IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR BELLA VISTA MORTGAGE TRUST 2004-2, | No. 80455-3-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KEVIN L. ROBERTS, | |
| Appellant, | |
| BRENDA S. ROBERTS; THE BANK OF WASHINGTON;NATIONAL CITY BANK; UNKNOWN OCCUPANTS OF THE SUBJECT REAL PROPERTY; ALL OTHER UNKNOWN PERSONS OR PARTIES CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREN, | |
| Defendants. | |

CHUN, J. — Kevin Roberts took out a loan secured by a deed of trust on property in North Bend. The deed of trust was assigned to Bank of New York Mellon (BONY). Roberts failed to make payments. BONY filed a judicial foreclosure complaint and moved for summary judgment and entry of general judgment and decree of foreclosure. The trial court granted both motions. Roberts then moved to vacate the judgment under CR 60(b)(11), arguing that his

Citations and pin cites are based on the Westlaw online version of the cited material.

original counsel suffered from mental health issues that prevented her from effectively representing him. The trial court denied Roberts's motion. Roberts appeals. We affirm.

## I. BACKGROUND

Kevin and Brenda Roberts executed a promissory note in the principal amount of $712,000. The loan was secured by a deed of trust on property in North Bend. The deed of trust was assigned to BONY.

Starting in 2008, the Robertses failed to make payments on the note. In 2016, BONY filed a judicial foreclosure complaint against Kevin Roberts[1] and moved for summary judgment, alleging that he had defaulted on the loan. Roberts did not respond to the merits of BONY's motion for summary judgment. Instead, he moved to strike it and, in the alternative, to continue the summary judgment hearing under CR 56(f). The trial court denied Roberts's motions and granted BONY's motion for summary judgment. BONY's counsel appeared in person at the summary judgment hearing and Roberts's counsel, Jill Smith, appeared by phone. BONY then moved for entry of general judgment and decree of foreclosure, which motions the trial court granted.

---

[1] Brenda Roberts is not a party to this appeal. Kevin Roberts claims in his briefing that he was the sole obligor on the loan by the time BONY filed for foreclosure. BONY does not claim otherwise. This opinion refers to Kevin Roberts as "Roberts" from this point on.

Roberts, represented by new counsel, moved to vacate the judgment under CR 60(b)(11).[2] Roberts attached a copy of a stipulation to a three-year suspension entered by his original counsel, Smith, and the Office of the Disciplinary Counsel of the Washington State Bar Association (WSBA). The stipulation's mitigating factors section states: "[Smith] suffered health problems, which are identified in the Confidential Attachment to Stipulation to Suspension." The stipulation does not relate to Smith's representation of Roberts.

Roberts argued that the stipulation shows that his trial counsel suffered from emotional and health issues and was thus unable to adequately represent him. The trial court denied Roberts's motion to vacate because it could not find that Smith had a mental health issue. Roberts appeals.

## II. ANALYSIS

Roberts argues that the trial court erred by denying his motion to vacate judgment under CR 60(b)(11) since Smith suffered mental health issues. He further argues that her infirmity prevented her from arguing that the limitations period on BONY's claim had expired. BONY counters that Roberts's arguments concerning Smith's mental health rest on speculation, so the trial court did not err. We agree with BONY.

We review for abuse of discretion a trial court's ruling on a CR 60(b) motion. Stanley v. Cole, 157 Wn. App. 873, 879, 239 P.3d 611 (2010). "A trial

---

[2] Before this, Roberts's original counsel, Smith, had moved to vacate judgment and order under CR 60(b)(1) and (11) on the ground that she was not included on emails between the trial court bailiff and plaintiff's counsel about scheduling the summary judgment hearing. The trial court denied this motion.

court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds." Id. (quoting Boguch v. Landover Corp., 153 Wn. App. 595, 619, 224 P.3d 795 (2009)). "'Discretion is abused only where no reasonable person would have taken the view adopted by the trial court.'" Stanley, 157 Wn. App. at 879 (internal brackets omitted) (quoting Carle v. McChord Credit Union, 65 Wn. App. 93, 111, 827 P.2d 1070 (1992)).

"CR 60(b)(11) is a catch-all provision, intended to serve the ends of justice in extreme, unexpected situations." State v. Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). "To vacate a judgment under CR 60(b)(11), the case must involve 'extraordinary circumstances,' which constitute irregularities extraneous to the proceeding." Id. at 379 (quoting Knies v. Knies, 96 Wn. App. 243, 248, 979 P.2d 482 (1999), as amended (July 23, 1999)).

In Barr v. MacGugan, Barr's attorney failed to respond to the defendant's discovery requests and also failed to comply with an order compelling discovery responses. 119 Wn. App. 43, 45, 78 P.3d 660 (2003). Due to the attorney's noncompliance, the trial court granted the defendant's motion to dismiss Barr's lawsuit with prejudice. Id. Barr later learned from a third party that her case had been dismissed and that her attorney had been suffering from severe clinical depression, which caused him to neglect his practice. Id. Although Barr had received a copy of the discovery requests from her attorney, she heard nothing more from him after she returned her draft responses to him. Id. She left multiple phone messages at his office to check on the status of her case, but she never received any response. Id. Barr had no knowledge of the defendant's

4

motions to compel or dismiss. Id. Upon learning of the dismissal, Barr hired new counsel, who successfully moved to vacate the order of dismissal under CR 60(b)(11). Id. We held the trial court did not abuse its discretion by vacating the judgment because (1) the parties did not dispute that the attorney's mental illness caused him to neglect his practice, including Barr's case, (2) the trial court did not address the merits of the case, and (3) Barr acted diligently to learn about the status of her case. Id. at 47–48.

By contrast, in Stanley, Stanley's attorney was taking care of her ill parents for several months, which prevented her from filing a prehearing statement, appearing at an arbitration hearing (after which the trial court awarded Stanley $7,000), and timely requesting a trial de novo. 157 Wn. App. at 876. Stanley moved to vacate the arbitration award under CR 60(b)(9), which allows vacation of judgments in instances of unavoidable casualty or misfortune preventing a party from prosecuting or defending an action. Id. at 877–89. The trial court denied her motion. Id. at 879. Although Stanley's motion rested on CR 60(b)(9), she cited Barr in a statement of additional authority on appeal. Id. at 886. But we held that Barr did not control because, in addition to Stanley's failure to make a CR 60(b)(11) argument, Stanley "offered no evidence to show her attorney suffered from a mental condition and she acted diligently to learn about the status of her case, and . . . [her] case was resolved on its merits, not by default judgment." Id. at 887. We concluded the trial court did not abuse its discretion by denying Stanley's motion. Id. at 888.

Roberts relies on Barr to argue that the trial court improperly denied his CR 60(b)(11) motion because his trial counsel's mental health issues rendered her unable to effectively represent him. He argues that the WSBA stipulation, the stipulation's conditions of reinstatement, her appearance by telephone at the summary judgment hearing, her failure to file a response to BONY's summary judgment motion, and her failure to argue that the limitations period on BONY's claim had expired all point to her mental infirmity. But the record does not show that Smith suffered from mental health issues or that any such issues negatively affected her representation of Roberts.

First, the WSBA stipulation and its conditions of reinstatement do not state what health problems Smith suffered and whether such problems were the reason for her misconduct. Nor does the stipulation relate to Smith's representation of Roberts.

Second, the record indicates that Smith's decision to appear by phone at the summary judgment hearing was purposeful and not the result of any mental health deficiency. Smith explained to the trial court that "she expected the Court to summarily grant her CR 56(f) motion without the need for an appearance, which is why she decided not to appear at the Summary Judgment hearing." And to the extent that Smith might have negligently failed to appear in person, file a response, or argue that the limitations period on BONY's claim had expired, an

attorney's negligence cannot serve as grounds for vacation of judgment.  Barr, 119 Wn. App. at 46.[3]

While Roberts's trial counsel never argued on the merits against the judicial foreclosure, the record does not suggest that Smith suffered from mental health issues or that any such issues affected her representation of him.  Given the foregoing, we cannot say that the trial court abused its discretion in denying Roberts's CR 60(b)(11) motion.

We affirm.

_Chun, J._

WE CONCUR:

_Mann, C.J._          _Dwyer, J._

---

[3] Roberts also relies on Cmty. Dental Servs. v. Tani, 282 F.3d 1164 (9th Cir. 2002) and Barr to argue that an attorney's gross negligence can serve as a ground for vacation of judgment under CR 60(b)(11).  But Barr explicitly did not reach this question. 119 Wn. App. at 48 ("In deciding this case, it is not necessary to consider whether gross negligence could constitute valid grounds to vacate a judgment under CR 60(b)(11).").  And Roberts does not explain how Smith's conduct rose to the level of gross negligence.